**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ZUMOBI, INC.,[1]<br><br>        Debtor. | Chapter 11<br><br>Case No. 19-12284 (KG) |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) ESTABLISHING
DEADLINES FOR SUBMITTING PROOFS OF CLAIM, INCLUDING CLAIMS
BASED ON REJECTION OF AN EXECUTORY CONTRACT OR UNEXPIRED
LEASE, (II) APPROVING THE FORM AND MANNER FOR SUBMITTING
SUCH PROOFS OF CLAIM, AND (III) APPROVING NOTICE THEREOF**

       The above-captioned debtor and debtor-in-possession (collectively, the "Debtor"), by and through their undersigned counsel, hereby move ("Motion") for entry of an order ("Bar Date Order"), under sections 105, 501, and 502 of title 11 of the United States Code ("Bankruptcy Code") and Rules 2002, 3003(c)(3), and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) establishing deadlines for creditors to submit proofs of claim, including claims based on rejection of an executory contract or unexpired lease, (ii) approving the form and manner for submitting such proofs of claim, and (iii) approving notice thereof. In support of the Motion, the Debtor respectfully states as follows:

**JURISDICTION AND VENUE**

       1.     This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of the Chapter 11 Case (as defined below) and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

       2.     The statutory predicates for the relief requested herein are Bankruptcy Code

---

[1]    The last four digits of the Debtor's federal tax identification number are 0014. The Debtor's registered agent's address is Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

sections 105, 501, and 502. Such relief is also warranted under Bankruptcy Rules 2002, 3003(c)(3), and 9007.

3. Pursuant to Rule 9013-1(f) of the Local Rules for the United States Bankruptcy Court for the District of Delaware ("Local Rules"), the Debtor consents to the entry of a final judgment or order with respect to the Motion if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## BACKGROUND

**A.     The Chapter 11 Case**

4. On October 25, 2019 (the "Petition Date"), the Debtor commenced a voluntary case ("Chapter 11 Case") under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its property as debtor-in-possession as authorized by sections 1107(a) and 1108 of the Bankruptcy Code. As of the date of this Motion, no committee, trustee or examiner has been appointed in the Chapter 11 Case.

5. The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the Declaration of Ken Willner in Support of Debtor's Chapter 11 Petition and First Day Motions, which is incorporated as if set forth herein. Additional facts in support of the specific relief sought are set forth herein.

6. The Debtor anticipates filing its schedules of assets and liabilities and statement of financial affairs (collectively, the "Schedules") and statements of financial affairs (the "SoFAs") no later than November 8, 2019.

## RELIEF REQUESTED

7. By the Motion, the Debtor seeks entry of an order (a) (i) establishing December 4, **at 5:00 p.m. prevailing Eastern Time** (the "General Bar Date") as the deadline for submitting

proofs of claim for Non-Governmental Claims (as defined below) and **April 22, 2020, at 5:00 p.m. prevailing Eastern Time** (the "Governmental Claim Bar Date", and, together with the General Bar Date, the "Bar Dates") for Governmental Claims (as defined below); (ii) deadlines for filing claims based on amendments or supplements to the Schedules; and (b) approving the form and manner for submitting such proofs of claim; and (c) approving notice thereof.

### A. Proposed Bar Dates

8. General Bar Date. The Debtor requests that this Court require all entities (the "Claimants")[2], other than governmental units, holding or wishing to assert a claim that arose or is deemed to have arisen prior to the Petition Date against the Debtor (collectively, the "Non-Governmental Claims") to file and serve proof of such Non-Governmental Claims so as to be actually received by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and counsel to the Debtor, Morris James LLP, ("MJ") by the General Bar Date.

9. Governmental Bar Date. In addition, the Debtor proposes that all governmental units holding a claim that arose or is deemed to have arisen prior to the Petition Date against the Debtor (collectively, "Governmental Claims" and, together with the Non-Governmental Claims, "Claims") be required to file and serve proof of such Governmental Claim so as to be actually received by the Bankruptcy Court and MJ by the Governmental Bar Date.

10. Amended Schedules Bar Date. The Debtor further requests that this Court establish additional bar dates related to amendments or supplements to the Schedules. In the event the

---

2 Except as otherwise defined herein, all terms used in the Motion specifically defined in the Bankruptcy Code shall have those meanings given to them by the Bankruptcy Code. In particular, as used in the motion, (a) the term "claim" has the meaning given to it in Bankruptcy Code section 101(5), (b) the term "entity" has the meaning given to it in Bankruptcy Code section 101(15), and (c) the term "governmental unit" has the meaning given to it in Bankruptcy Code section 101(27).

Debtor amends or supplements the Schedules to reduce, delete, change the classification of, or add a Claim, the Debtor shall give notice of any such amendment or supplement to the Claimants affected thereby, and such holders shall be afforded the later of thirty (30) days from the date on which such notice is given or the General Bar Date or the Governmental Bar Date, as applicable, to submit a proof of claim with respect to such amended Claim ("Amended Schedules Bar Date") or be forever barred from doing so.

### B.  Parties Required to Submit Proofs of Claim by the Bar Dates

11.  The Debtor proposes that except as provided herein, all of the following entities holding Claims against the Debtor (whether secured, unsecured priority, or unsecured nonpriority) must submit a proof of claim ("Proof of Claim") so as to be actually received by MJ on or before the applicable Bar Date:

> a.  any Claimant whose Claim against the Debtor is not listed in the Schedules or is listed as disputed, contingent, or unliquidated if the holder of such Claim desires to participate in the Chapter 11 Case or share in any distribution in the Chapter 11 Case on account of such Claim;
>
> b.  any Claimant who believes that its Claim is improperly classified in the Schedules, is listed in an incorrect amount or who desires to have its Claim allowed in a classification or amount other than that identified in the Schedules; and
>
> c.  any Claimant holding a Claim against the Debtor that is not listed in the Schedules.

### C.  Parties Not Required to Submit Proofs of Claim by the Bar Dates

12.  There are several categories of Claimants who, as a matter of law, procedure, or case administration, should not be required to file a Proof of Claim by the applicable Bar Date, as provided above. Specifically, the Bar Dates would not apply to:

> a.  The U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

    b.    any person or entity that has already properly filed a Proof of Claim against the Debtor with either Morris James or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware

    c.    any person or entity (i) whose claim is listed on the Schedules if (i) the Claim is not scheduled as "disputed," "contingent," or "unliquidated"; (ii) the Claimant agrees with the amount, nature, and priority of the Claim as set forth in the Schedules; and (iii) the Claimant does not dispute that the Claim is an obligation of the Debtor as set forth in the Schedules;

    d.    any Claimant who holds a Claim that is subject to specific deadlines, aside from those established pursuant to the Motion, fixed by this Court by separate order.

    e.    any Claimant who holds a Claim that has been paid in full by the Debtor or any other party;

    f.    any professionals retained by the Debtor or any statutory committee pursuant to orders of this Court who assert administrative claims for fees and expenses subject to the Court's approval pursuant to Bankruptcy Code sections 330, 331, and 503(b);

    g.    current officers and directors of the Debtor who assert claims for indemnification and/or contribution arising as a result of such officers' or directors' prepetition or post-petition services to the Debtor; and

    h.    any person or entity whose claim against the Debtor has been allowed by an order of the Court, entered on or before the applicable bar date

**D.    The Proof of Claim Form**

13.    The Debtor has prepared a form for submitting each Proof of Claim ("Proof of Claim Form"), a copy of which is attached as Exhibit 2 to the proposed Bar Date Order and incorporated by reference herein. The proposed Proof of Claim Form is based on Official Bankruptcy Form 410, and the Debtor requests that this Court approve the proposed Proof of Claim Form for the submitting of Proofs of Claim in the Chapter 11 Case.

### E.     Requirements for Preparing and Submitting Proofs of Claim

14.     The Debtor further requests the following with respect to preparing and submitting each Proof of Claim:

a.  each Proof of Claim must: (i) be written in English; (ii) include a Claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtor or Official Bankruptcy Form 410; (iv) state a Claim against the Debtor; and (v) be signed by the Claimant or if the Claimant is not an individual, by an authorized agent of the Claimant;

b.  each Proof of Claim must include supporting documentation (or, if such documentation is voluminous, include a summary of such documentation) or an explanation as to why such documentation is not available;

c.  all Proofs of Claim must be **filed** with the Bankruptcy Court no later than 5:00 p.m. prevailing Eastern Time on the applicable Bar Date at the following address:

> United States Bankruptcy Court
> District of Delaware
> 824 N. Market St., 3rd Floor
> Wilmington, DE  19801

If you mail your response to the Court for filing, you must mail it early enough so the Court will **receive it on or before** the applicable Bar Date;

d.  you must also deliver a copy to MJ, the Debtor's counsel, so as to be **actually received** by MJ no later than 5:00 p.m. prevailing Eastern Time on the applicable Bar Date at the following address:

> Morris James LLP
> Attn: Eric J. Monzo, Esq.
> 500 Delaware Avenue, Suite 1500
> Wilmington, Delaware 19801

e.  a Claimant who wishes to receive acknowledgment of receipt of its Proof of Claim may submit a copy of the Proof of Claim and a self-addressed, stamped envelope to the above address along with the original Proof of Claim.

**F.     Procedures for Providing Notice of the Bar Dates and the Proof of Claim Form**

15.    <u>Notice By Mail</u>. The Debtor proposes to complete the mailing of the following materials (by first class U.S. mail, postage prepaid) no later than five (5) business days after the date of entry of the Bar Date Order: (a) written notice of the Bar Dates in substantially the form of notice attached as <u>Exhibit 1</u> attached to the proposed Bar Date Order (the "<u>Bar Date Notice</u>") and (b) the Proof of Claim Form (together with the Bar Date Notice, the "<u>Bar Date Package</u>"). This information will notify parties of the Bar Dates and inform them as to whether they must file a Proof of Claim, the procedure for filing a Proof of Claim, and the consequences of failure to timely file a Proof of Claim. The Debtor will use its best efforts to mail notices no later than five (5) business days after entry of the order approving the Motion.

16.    <u>Notice by Publication</u>. The Debtor proposes to complete the mailing of the following materials (by first class U.S. mail, postage prepaid) no later than five (5) business days after the date of entry of the Bar Date Order: (a) written notice of the Bar Dates in substantially the form of notice attached as <u>Exhibit 1</u> attached to the proposed Bar Date Order (the "<u>Bar Date Notice</u>") and (b) the Proof of Claim Form (together with the Bar Date Notice, the "<u>Bar Date Package</u>"). This information will notify parties of the Bar Dates and inform them as to whether they must file a Proof of Claim, the procedure for filing a Proof of Claim, and the consequences of failure to timely file a Proof of Claim. The Debtor will use its best efforts to mail notices no later than five (5) business days after entry of the order approving the Motion.

17.    Assuming that notices of the bar date are served within five days after entry of an Order approving the deadlines to file claims, a General Bar Date of December 4, 2019 will allow creditors more than 35 days to file proofs of claim, which is sufficient notice of the General Bar

Date, and well more than the twenty-one (21) days required by Bankruptcy Rule 2002(a)(7).

18. The Debtor will serve the Bar Date Package by first class U.S. mail on the following parties:

    a. The Office of the U.S. Trustee;

    b. All persons or entities that have requested notice of the proceedings in the Chapter 11 Case;

    c. All persons or entities that already have filed Claims against the Debtor;

    d. All creditors and other known holders of Claims against the Debtor as of the date of the Bar Date Order, if any, including all persons or entities listed in the Schedules as holding Claims against the Debtor;

    e. All parties to executory contracts and unexpired leases of the Debtor listed on the Schedules;

    f. All parties to litigation with the Debtor; and

    g. The Internal Revenue Service;

19. After the initial mailing of the Bar Date Package, the Debtor anticipates that it may be appropriate to make supplemental mailings of the Bar Date Package in a number of situations, including in the event that (a) notices are returned by the post office with forwarding addresses (unless notices are returned as "return to sender" without a forwarding address, in which case the Debtor should not be required to mail additional notices to such creditors), (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtor for direct mailing, and (c) additional potential Claimants become known as the result of the noticing process. In this regard, the Debtor requests that this Court permit it to make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to 21 days in advance of the General Bar Date, with any such mailings being deemed timely and the General Bar Date being applicable to the recipient creditors, if

appropriate. The Debtor believes that these proposed supplemental mailings will help to provide actual notice to known creditors wherever practicable, while at the same time preserving the integrity of the Bar Dates.

20. <u>Notice by Publication</u>.  Attached as <u>Exhibit 3</u> to the proposed Order granting this motion is a draft notice of publication (the "<u>Publication Notice</u>").[3] The Debtor proposes to publish the Publication Notice, substantially in the form attached as Exhibit 3, in the national edition of a newspaper within five (5) business days of entry of the Order granting this Motion. The Debtor respectfully submits that such notice is reasonably calculated to put all creditors on notice.

**G.  Consequences of Failing to Submit a Proof of Claim by the Applicable Bar Date**

21. Pursuant to Bankruptcy Rule 3003(c)(2), the Debtor proposes that any Claimant who is required, but fails, to submit a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such Claim against the Debtor, their property, or their estates (or submitting a Proof of Claim with respect thereto), and such holder shall not be permitted to vote, to accept or reject any plan of reorganization filed in the Chapter 11 Case, or participate in any distribution on account of such Claim or receive further notices regarding such Claim.

## APPLICABLE AUTHORITY

**I.  Ample Authority Exists to Establish the Bar Dates**

22. The Bankruptcy Code broadly defines "claim" to include "(a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent,

---

[3]  In the interest of economy, the Publication Notice also includes information with respect to the Debtor's proposed Plan of Reorganization.

matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured." 11 U.S.C. § 101(5). Generally, a claimant must file a proof of claim with the bankruptcy court to assert a claim in a bankruptcy proceeding. *See* 11 U.S.C. § 501(a).

23. Bankruptcy Rule 3003(c)(3) provides that the court shall fix the time within which proofs of claim must be filed in a chapter 11 case pursuant to Bankruptcy Code section 501. Bankruptcy Rule 3003(c)(2) provides that any creditor whose claim is not scheduled in a debtor's schedules or whose claim is scheduled as disputed, contingent, or unliquidated must file a proof of claim.

24. Bankruptcy Rule 2002 requires that the court clerk or a party ordered by the court give "at least 21 days' notice by mail of . . . the time fixed for filing proofs of claims pursuant to Rule 3003(c)" to "the trustee, all creditors and indenture trustees."

25. It is well recognized that the claims bar date plays an essential role in the dual goals of bankruptcy—i.e., preserving going concerns and maximizing property available to satisfy creditors. *See Bank of Am. Nat'l Trust & Sav. Assoc. v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 453 (1999). The claims bar date allows the debtor and parties in interest to expeditiously determine and evaluate the liabilities of the estate and develop a sound plan of reorganization. Prolonged uncertainty regarding claims would delay and potentially upset this process.

> Absent the setting of a bar date, a Chapter 11 case could not be administered to a conclusion. There would be no time established for the filing of claims. But it is essential to the bar date mechanism that notice be given to creditors consistent with the demands of due process, for as provided in Rule 3003(c)(2), a creditor who fails to

> file a claim within the time allowed is precluded from being treated as a creditor and from both voting on a plan and receiving a distribution from estate property.

*In re Waterman Steamship Corp.*, 59 B.R. 724, 726 (Bankr. S.D.N.Y. 1986).

26. Establishing the Bar Dates as described herein will be critical to this Chapter 11 Case. In addition to facilitating the claims process, the Bar Date Notice will ensure that creditors receive clear and adequate notice of the Bar Dates so as to protect their interests in the Chapter 11 Case.

27. The Debtor proposes to mail notice of the Bar Dates to its known creditors. This procedure is consistent with applicable case law. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950); *see also Jones v. Chemetron Corp.*, 72 F. 3d 341 (3d Cir. 1995) (holding that a debtor must send actual notice of the bar date to any known creditor, while constructive notice is generally sufficient notice to an unknown creditor); *Pacific Corp. and Van Cott Bagley Cornwall & McCarthy v. W.R. Grace*, 2006 WL 2375371 at *15 (D. Del. 2006) (same); *In re Trump Taj Mahal Assoc.*, 156 B.R. 928, 936 (Bankr. D. N.J. 1993) (same). Where a creditor is known to the debtor, due process requires that the debtor take reasonable steps, such as direct mailing, to provide actual notice of the deadline for filing proofs of claim. *See Tulsa Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478, 491 (1988) (holding that where creditor was known or "reasonably ascertainable," then due process only requires "notice by mail or other means as certain to ensure actual notice"); *Fogel v. Zell*, 221 F.3d 955, 963 (7th Cir. 2000) ("If his name and address are reasonably ascertainable, he is entitled to have that information sent directly to him."); *In re Waterman Steamship Corp.*, 157 B.R. 220, 221 (S.D.N.Y. 1993) (same).

28. Where a creditor is unknown to the debtor, due process only requires that the debtor take reasonable steps to provide constructive notice of the deadline for filing proofs of claim. *See*

*Jones v. Chemetron Corp.*, 72 F. 3d at 341 (finding that constructive notice is generally sufficient with respect to an unknown creditor).

**II.     The Proposed Notice Procedure is Reasonable and Adequate**

29.     Bankruptcy Rule 2002(a)(7) requires that the Debtor provide claimants at least 21 days' notice by mail of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c).

30.     The relief requested herein provides for clear notice of the Bar Dates. Specifically, the Debtor intends to mail the Bar Date Notice within five business days after entry of the Bar Date Order. By establishing the Bar Dates in accordance with the provisions hereof, all known claimants will have more than twenty-five (25) days mailed notice, thereby more than satisfying Bankruptcy Rule 2002(a)(7), which requires only 21 days' notice.

31.     In addition, in the event the Debtor amends or supplements its Schedules or rejects an executory contract or unexpired lease subsequent to the date on which the Debtor serve the Bar Date Notice, the Debtor shall give notice of any such amendment or rejection to the holders of Claims affected thereby, and such holders shall be afforded at least thirty (30) days from the date on which such notice is given or until the General Bar Date or Governmental Bar Date (as applicable) to file Proofs of Claim in connection with such amended Claim or rejected executory contract or unexpired lease.

32.     Accordingly, the Debtor respectfully requests that this Court find that the Debtor's proposed procedures regarding all notices described herein be deemed: (a) good, adequate, and sufficient notice to all creditors of the Bar Dates and their rights and obligations in connection with any Claims they may assert against the Debtor in this Chapter 11 Case and (b) to satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

33.     The entry of orders granting the relief requested herein, as well as approval of procedures to file proofs of claim, is standard practice in chapter 11 cases in this District and others. *See, e.g., In re Synagro Technologies, Inc.*, Case No. 13-11041 (BLS) (Bankr. D. Del. June 24, 2013) (providing for procedures to file prepetition claims through the normal proof of claim process); *In re Visteon Corp.*, No. 09-11786 (CSS) (Bankr. D. Del. September 11, 2009) (same); *In re Dayton Superior Corp.*, No. 09-11351 (BLS) (Bankr. D. Del. July 14, 2009) (same); *In re Interlake Material Handling, Inc.*, No. 09-10019 (KJC) (Bankr. D. Del. June 23, 2009) (same); *In re Old Carco, LLC*, No. 09-50002 (ALG) (Bankr. S.D.N.Y. Aug. 6, 2009) (same); *In re DBSD N. Am., Inc.*, No. 09-13061 (REG) (Bankr. S.D.N.Y. June 5, 2009) (same); *In re Dana Corp.*, No. 06-10354 (BRL) (Bankr. S.D.N.Y. Jul. 19, 2006) (same).

## RESERVATION OF RIGHTS

34.     The Debtor shall retain the right to (a) dispute, or assert offenses or defenses against, any filed Claim or any Claim listed or reflected in the Schedules as to nature, amount, liability, classification or otherwise; or (b) subsequently designate any Claim as disputed, contingent or unliquidated; provided, however, that in such instance, the Amended Schedule Bar Date may apply.  Notwithstanding anything herein to the contrary, nothing set forth herein would preclude the Debtor from objecting to or contesting any Claim, whether scheduled or filed, on any grounds.

## NOTICE

35.     A true and correct copy of this Motion, as well as the Notice filed concurrently therewith, will be given to: (i) the United States Trustee for the District of Delaware; and (ii) all parties entitled to notice pursuant to Bankruptcy Rule 2002.  The Debtor submits that no other or further notice need be provided.

## NO PRIOR REQUEST

36.     No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that this Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, (i) establishing deadlines for submitting Proofs of Claim, including claims based on rejection of an executory contract or unexpired lease, (ii) approving the form and manner for submitting such Proofs of Claim, (iii) approving notice thereof, and (iv) granting such other and further relief as this Court deems appropriate.

Dated: October 28, 2019                                  MORRIS JAMES LLP

                                                             */s/ Brya M. Keilson*_____
Jeffrey R. Waxman (DE Bar. No. 4159)
Eric J. Monzo (DE Bar No. 5214)
Brya M. Keilson (DE Bar No. 4643)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
Email: jwaxman@morrisjames.com
Email: emonzo@morrisjames.com
Email: bkeilson@morrisjames.com

Proposed Counsel to the Debtor and
Debtor in Possession