IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:

ZUMOBI, INC.,[1]

    Debtor.

Chapter 11

Case No. 19-12284 (KG)

**DEBTOR'S MOTION FOR AN ORDER DIRECTING THAT AN OFFICIAL COMMITTEE OF UNSECURED CREDITORS NOT BE APPOINTED**

Zumobi (the "Debtor") hereby moves (this "Motion") the Court for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to section 1102(a)(3) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), directing that an official committee of unsecured creditors (a "Committee") not be appointed in this case. In support of this Motion, the Debtor relies upon and incorporates by reference the *Declaration of Ken Willner in Support of Debtor's Chapter 11 Petition and First Day Motions* (the "First Day Declaration"), filed concurrently herewith. In further support of this Motion, the Debtor respectfully represents as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. 157(b). Venue of this case and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief requested herein is section 1102(a)(3) of the Bankruptcy Code.

---

[1]     The last four digits of the Debtor's federal tax identification number are 0014. The Debtor's registered agent's address is Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

11328290/1

3. Under Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Debtor consents to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## BACKGROUND

4. On the date hereof (the "Petition Date"), the Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") as a "small business debtor" as that term is defined in the Bankruptcy Code.

5. The Debtor continues to operate its business and manage its properties as a debtor and debtor in possession under sections 1107(a) and 1108 of the Bankruptcy Code.

6. To date, no Committee has been appointed in the Chapter 11 Case by the Office of the United States Trustee for the District of Delaware (the "United States Trustee"). No trustee or examiner has been appointed in the Chapter 11 Case.

7. Additional factual background information regarding the Debtor, including its business operations, its corporate and capital structure, and the events leading to the Chapter 11 Case, is set forth in detail in the First Day Declaration, which is incorporated herein by reference.

## RELIEF REQUESTED

8. Because the Debtor is a small business as defined in section 101(51D)(A) of the Bankruptcy Code, the Court may, upon a showing of cause, order that a Committee not be appointed. 11 U.S.C. § 1102(a)(3). The Debtor respectfully submits that such cause exists in the Chapter 11 Case, and requests that the Court enter the Proposed Order directing that a Committee not be appointed.

**BASIS FOR RELIEF REQUESTED**

9. The Debtor in the Chapter 11 Case has elected to proceed as a small-business debtor.[2] Section 1102(a)(3) of the Bankruptcy Code provides that "[o]n request of a party in interest in a case in which the debtor is a small business debtor and for cause, the court may order that a committee of creditors not be appointed." 11 U.S.C. § 1102(a)(3). Specifically, as of the Petition Date, the Debtors had unsecured claims totaling approximately $13,190,600, of which approximately $15,000 are non-tax priority claims, $2,246,305 of general unsecured claims, exclusive of the unsecured claims of two noteholders, Oak Investment Partners XII, L.P. and Hunt Ventures Fund I, L.P. (the "<u>Noteholders</u>"). The Noteholders are insiders, as that term is defined by Section 101(31) of the Bankruptcy Code, as Oak Investment Partners XII, L.P. holds over 66.67% of the total outstanding shares in Zumobi and Hunt Ventures Fund I, L.P. holds 8.83% of Zumobi's total outstanding shares. Moreover, the Noteholders control three seats on the Debtor's five member board of directors.

10. The Bankruptcy Code does not define what constitutes "cause" under section 1102(a)(3); however, it is understood to be "a flexible standard allowing the court to take into account all of the relevant facts and circumstances." 7 Richard Levin & Henry J. Sommer, <u>Collier on Bankruptcy</u> ¶ 1102.04[2] (16th ed. 2018).

11. Pursuant to the *Motion of Debtor for Entry of Order Pursuant to Sections 105, 361, 362, 363(c), 364(c)(1), 364(c)(2), 364(d)(1), 364(e), and 507 of the Bankruptcy Code (I)) Authorizing the Debtor to (A) Obtain Postpetition Secured Financing from ESW Capital, LLC; and*

---

[2] Section 101(51D)(A) of the Bankruptcy Code defines a small business debtor to mean: a person engaged in commercial or business activities . . . that has aggregate noncontingent liquidated secured and unsecured debts as of the date of the petition or the date of the filing of the order for relief in an amount not more than $2,725,625 (excluding debts owed to 1 or more affiliates or insiders) for a case in which the United States trustee has not appointed under section 1102(a)(1) a committee of unsecured creditors or where the court has determined that the committee of unsecured creditors is not sufficiently active and representative to provide effective oversight of the debtor.

*(B) Pay Certain Related Fees and Charges; and (II) Scheduling a Final Hearing*, the Debtor is seeking approval of the DIP Facility which will provide the Debtor with the requisite liquidity to support the Chapter 11 Case and to continue its operations. The Debtor firmly believes that, while the DIP Facility will provide sufficient funding to enable the Debtor to pay its post-petition debts as and when they come due, including the fees for its proposed counsel and fees owed to the United States Trustee, it cannot support the financial strain of additional professionals and expenses in the Chapter 11 Case that would result from the appointment of a Committee.

12. It is certainly not the Debtor's intent to withhold information from creditors. If the Court wishes, the Debtor will serve additional notices and make additional disclosures as appropriate to as many creditors as the Court deems necessary, which notices would be substantially less costly than the appointment of a Committee. Notably, the Debtor's creditor body is very limited.

13. The need for a Committee in the Chapter 11 Case is further discounted by the additional oversight by the United States Trustee and the expanded reporting requirements that stem from the Debtor's election to proceed as a small business debtor. These requirements are specifically designed to protect unsecured creditors in this type of case. See 28 U.S.C. §§ 586(a)(3), (7) (imposing additional monitoring requirements on the United States Trustee in small business cases); see also 11 U.S.C. § 308(b) (imposing additional reporting requirements on small business debtors).

14. These additional reporting requirements, combined with the small and sophisticated make-up of the Debtor's creditor body are sufficient to protect the interests of the unsecured creditors in the Chapter 11 Case. Therefore, the appointment of a Committee would be unnecessary

in the Chapter 11 Case and the Court should enter the Proposed Order directing that one not be appointed.

## NOTICE

15. Notice of this Motion shall be given to (i) the United States Trustee; (ii) the Office of the United States Attorney for the District of Delaware; (iii) the Internal Revenue Service; (iv) counsel for the DIP lender; (v) those creditors holding the twenty (20) largest unsecured claims against the Debtor's estate; and (vi) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice is necessary or required.

WHEREFORE, the Debtor respectfully requests that the Court enter the Proposed Order (i) granting the relief requested herein and (ii) granting to the Debtor such other and further relief as may be just and proper.

Dated: October 28, 2019

**MORRIS JAMES LLP**

*/s/ Brya M. Keilson*
Jeffrey R. Waxman (DE Bar. No. 4159)
Eric J. Monzo (DE Bar No. 5214)
Brya M. Keilson (DE Bar No. 4643)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
Email: jwaxman@morrisjames.com
Email: emonzo@morrisjames.com
Email: bkeilson@morrisjames.com

*Proposed Counsel to the Debtor and Debtor in Possession*