IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ZUMOBI, INC.,[1] | Case No. 19-12284 (KG) |
| Debtor. | Objection Deadline:  November 22, 2019 at 4:00 p.m.<br>Hearing Date: December 9, 2019 at 4:00 p.m. |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER
AUTHORIZING THE DEBTOR TO REJECT AN EXECUTORY
CONTRACT, NUNC PRO TUNC TO OCTOER 31, 2019**

Zumobi, Inc., the above-captioned debtor and debtor in possession ("**Debtor**") hereby moves this Court (this "**Motion**") for the entry of an order authorizing the Debtor to reject an executory contract in connection with a certain Lexmark Model XM3150 Copier (serial number 70166PHH09C4L) (the "**Copier**"), nunc pro tunc to October 31, 2019, and in support of the Motion, the Debtor respectfully states as follows:

**JURISDICTION**

1.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware,* dated February 29, 2012.  This matter is a core proceeding within the meaning of  28 U.S.C. § 157(b)(2), and the Debtor confirms its consent pursuant to Rule 9013-l(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

---

[1]     The last four digits of the Debtor's federal tax identification number are 0014.  The Debtor's registered agent's address is Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

1

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief sought herein are sections 105(a) and 365 of the Bankruptcy Code, together with Bankruptcy Rule 6006.

## Background

A. **The Copier**

4. On or about June 27, 2013, the Debtor entered into a program agreement (the "**Program Agreement**") with Copiers Northwest for the lease of a copier. A copy of the Agreement is attached hereto as Exhibit A. By the terms of the program agreement, the Debtor leased the Copier for 24 months, at a cost of $145.00 per month. Further, unless terminated, the Agreement would automatically renew for an additional term of one year until terminated. See Program Agreement, ¶ 16. At the end of the term, the Debtor would be responsible for returning the Copier. See Arogram Agreement, ¶ 17. Upon information and belief, the Debtor and/or Copiers Northwest financed the lease of the copier through Wells Fargo Equipment Leasing, Inc. (any such financing agreement, together with the Program Agreement, the "**Agreement**"). The Debtor is in receipt of a payoff invoice stating that the total amount due, if received by October 3, 2019, would be $1,820.17. A copy of the payoff letter is also included as Exhibit A.

B. **The Chapter 11 Case**

5. On October 25, 2019 (the "**Petition Date**"), the Debtor commenced a voluntary case (the "**Chapter 11 Case**") under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its property as debtor-in-possession as authorized by sections 1107(a) and 1108 of the Bankruptcy Code. As of the date of the Motion, no committee, trustee or examiner has been appointed in the Chapter 11 Case.

6. The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the declaration of Ken Willner in support of

Debtor's Chapter 11 petition and first day motions (the "**First Day Declaration**"). Additional facts in support of the specific relief sought are set forth herein.

7. As set forth in the First Day Declaration, prior to the Petition Date, the Debtor vacated all of its remaining office space. The Debtor therefore has no need for the Copier, and in fact, the Copier is located at a residence at 4737 2nd Ave N.E. Seattle 98105, where it is not being used.

### RELIEF REQUESTED

8. By this Motion, the Debtor requests that the Court enter an order pursuant to sections 105(a) and 365 of the Bankruptcy Code, authorizing the Debtor to reject the Agreement; effective October 31, 2019, authorizing and directing and waiving the requirements of Bankruptcy Rule 6006(f)(6) with respect to the Motion.

### BASIS FOR RELIEF

**A.    Rejection of the Agreement Reflects the Debtor's Sound Business Judgment.**

9. Section 365(a) of the Bankruptcy Code provides, in relevant part, that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); see also Univ. Med. Ctr. v. Sullivan (In re Univ. Med. Ctr.), 973 F.2d 1065, 1075 (3d Cir. 1992). Section 365 "allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." L.R.S.C. Co. v. Rickel Home Ctrs, Inc. (In re Rickel Home Ctrs., Inc.), 209 F.3d 291, 298 (3d Cir. 2000) (quoting Stewart Title Guar. Co. v. Old Republic Nat'l Title Co., 83 F.3d 735, 741 (5th Cir. 1996)).

10. The decision to assume or reject an executory contract or unexpired lease is a matter within the "business judgment" of the debtor. Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp., 872 F.2d 36, 40 (3d Cir. 1989) (acknowledging business judgment as the standard for determining

3

whether rejection of a contract is proper); see also Nat'l Labor Relations Bd. v. Bildisco & Bildisco (In re Bildisco), 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."); Computer Sales Int'l, Inc. v. Fed. Mogul Global, Inc. (In re Fed. Mogul Global, Inc.), 293 B.R. 124, 126 (D. Del. 2003); In re HQ Global Holdings, Inc., 290 B.R. 507, 511 (Bankr. D. Del. 2003). The business-judgment standard mandates that a court approve a debtor's business decision, unless the decision "is the product of bad faith, or whim, or caprice." In re Trans World Airlines, Inc., 261 B.R. 103, 121 (Bankr. D. Del. 2001) (internal citations omitted); see also Summit Land Co. v. Allen (In re Summit Land Co.), 13 B.R. 310, 315 (Bankr. D. Utah 1981) ("In any event, court approval under Section 365(a), if required, except in extraordinary situations, should be granted as a matter of course.").

11. The Debtor believes that rejection of the Agreement *nunc pro tunc* to October 31, 2019 is well within its business judgment and is in the best interests of its estate and creditors. The Copier has no business purpose to the Debtor, and accordingly has no value for the Debtor, its estates or creditors, and serves only as an unnecessary expense. Accordingly, the decision to reject the Agreement is a proper exercise of the Debtor's business judgment, and rejection of the Agreement should therefore be approved pursuant to section 365(a) of the Bankruptcy Code.

12. The Debtor is authorized to operate their businesses under section 1107(a), which provides that:

> [s]ubject to any limitations on a trustee serving in a case under this chapter, and to such limitation or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2)(3) and (4) of this title, of a trustee serving in a case under this chapter.

4

13. One of the components of operating a business is the ability to assume or reject an executory contract or unexpired lease. Specifically, Bankruptcy Code section 365(a) provides, in relevant part that "the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). Through section 365, a debtor is able "to use valuable property of the estate and to renounce title to and abandon burdensome property." In re Republic Airways Holdings Inc., 547 B.R. 578, 582 (Bankr. S.D.N.Y. 2016) (quoting Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1098 (2d Cir. 1993)); see also In re Exide Techs., 607 F.3d 957, 967 (3d Cir. 2010) ("Courts may use § 365 to free a [debtor] from burdensome duties that hinder its reorganization"); *In re Bildisco*, 465 U.S. 513, 528 (1984) ("[T]he authority to reject an executory contract is vital to the basic purpose to a Chapter 11 reorganization, because rejection can release the debtor's estate from burdensome obligations that can impede a successful reorganization.").

14. In order to determine whether the assumption or rejection of an executory contract should be authorized, Courts apply the "business judgment" test, which requires a debtor to have determined that the requested assumption or rejection would be beneficial to its estate. See Grp. of Institutional Inv'rs, Inc. v. Chi., Milwaukee, St. Paul & Pac. R.R., 318 U.S. 523, 550 (1943) (noting that "the question whether a lease should be rejected . . . is one of business judgment"); In re Bildisco, 682 F.2d 72, 79 (3d Cir. 1982), *aff'd*, 465 U.S. 513 ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."); accord In re HQ Glob. Holdings, Inc., 290 B.R. 507, 511 (Bankr. D. Del. 2003).

15. Courts give deference to a debtor's decision to assume or reject leases. *See e.g.*, Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp., 872 F.2d 36, 39–40 (3d Cir. 1989) (affirming the rejection of a service agreement as a sound exercise of the debtor's business judgment when

5

the bankruptcy court found that such rejection would benefit the debtors' estate); In re Trans World Airlines, Inc., 261 B.R. 103, 121 (Bankr. D. Del. 2001) ("[A] debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of bad faith, or whim or caprice.").

### B. Nunc Pro Tunc Rejection Is Appropriate.

16. The Debtor also respectfully submits that it is appropriate for the Court to authorize the rejection of the Agreement nunc pro tunc to October 31, 2019. While section 365 of the Bankruptcy Code does not specifically address whether the Court may order rejection to be effective retroactively, many courts have held that bankruptcy courts may authorize rejection retroactive to a date prior to entry of the order authorizing rejection. See Republic Underwriters Ins. Co. v. DBSI Republic, LLC (In re DBSI, Inc.), 409 B.R. 720, 734 (Bankr. D. Del. 2009) (providing that a bankruptcy court may enter a lease rejection order with an effective date earlier than the date the order is entered); In re Chi-Chi's, Inc., 305 B.R. 396, 399 (Bankr. D. Del. 2004) (acknowledging that bankruptcy court may approve a rejection retroactive to the date the motion is filed after balancing the equities in a particular case); BP Energy Co. v. Bethlehem Steel Corp., No. 02-civ- 6419, 2002 WL 31548723, at *2-3 (S.D.N.Y. Nov. 15, 2002) (finding that bankruptcy courts' equitable powers allow for retroactive rejection date of executory contracts when favored by "balance of equities"). Further, section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. 105(a).

17. Here, the balance of equities favors authorizing the Debtor to reject the Agreement *nunc pro tunc* to October 31, 2019. Any postponement of the effective date of rejection of the Agreement may potentially cause the Debtor to incur unnecessary administrative expenses under

the Agreement[2] without providing accompanying tangible benefits to the estates. Further, allowing the Debtor to reject the Agreement will not unduly prejudice the contract counterparties to the Agreements because they will receive notice of the Motion.

**NOTICE**

18. Notice of this Motion will be given to: (a) the Office of the U.S. Trustee for the District of Delaware; (b) Copiers Northwest and Wells Fargo Equipment Leasing, Inc.; and (c) those parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice is necessary.

**NO PRIOR REQUEST**

19. No prior motion for the relief requested herein has been made to this or any other court.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit B: (i) granting the Motion, (ii) approving the rejection of the Agreement, effective October 31, 2019, and (iii) granting to the Debtor such other and further relief as the Court believes just and proper under the circumstances.

| | |
|---|---|
| DATED: October 31, 2019<br>Wilmington, Delaware | **MORRIS JAMES LLP**<br>   /s/ Jeffrey R. Waxman<br>Jeffrey R. Waxman (Bar No. 4159)<br>Brya M. Keilson, Esquire (DE Bar No. 4643)<br>500 Delaware Avenue; Suite 1500<br>Wilmington, DE 19899-2306<br>Tel: (302) 888-6800<br>E-mail: JWaxman@morrisjames.com<br>E-mail: BKeilson@morrisjames.com<br><br>*Proposed counsel to the Debtor and Debtor-In-Possession* |

---

[2] The Debtor reserves its right to contest any assertion that the costs of the Copier would be administrative expense, as the Copier has not provided any benefit to the estate. See 11 U.S.C. § 503(b).