# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------o

| | |
|---|---|
| In re: | Chapter 11 |
| ZUMOBI, INC.[1] | Case No. 19-12284 (KG) |
| Debtor. | Re: D.I. 14, 15 & 29 |

------------------------------o Hearing Date: December 9, 2019, at 10:30 a.m.
Obj. Deadline: November 27, 2019 at 4:00 p.m.

## OBJECTION OF THE UNITED STATES TRUSTEE TO THE PLAN OF REORGANIZATION OF ZUMOBI, INC. DATED OCTOBER 28, 2019

Andrew R. Vara, Acting United States Trustee for Region 3 (the "U.S. Trustee"), through his undersigned counsel, objects to the confirmation of the Plan of Reorganization of Zumobi, Inc. Dated October 28, 2019 (D.I. 14, 15 & 29) (the "Plan[2]"), and in support of his objection respectfully states as follows:

### JURISDICTION

1. Pursuant to 28 U.S.C. § 1334, applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and consider this Objection.

2. Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with monitoring the federal bankruptcy system. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas*

---

[1] The last four digits of the Debtor's federal tax identification number are 0014. The Debtor's registered agent's address is Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

[2] Such Capitalized terms shall have the same meaning as set forth in the Plan or relevant pleading or document.

*Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that 11 U.S.C. § 307 gives the U.S. Trustee "public interest standing"); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog"). One of the U.S. Trustee's duties is to supervise the administration of chapter 11 cases by, whenever he considers it appropriate, "monitoring plans and disclosure statements filed in cases under chapter 11 of title 11 and filing with the court, in connection with hearings under sections 1125 and 1128 of such title, comments with respect to such plans and disclosure statements[.]" 28 U.S.C. § 586(a)(3)(B).

3. The U.S. Trustee has standing to be heard on the Objection pursuant to 11 U.S.C. § 307.

## BACKGROUND AND RELEVANT FACTS

4. Zumobi, Inc. (the "Debtor") filed a chapter 11 petition in this Court on October 30, 2019 (the "Petition Date).

5. On the petition date, the Debtor filed its chapter 11 plan (D.I. 14) (the "Plan") and disclosure statement (D.I. 13) (the "Disclosure Statement").

6. The Plan generally provides for the reorganization of the Debtor by retiring, cancelling, extinguishing and/or discharging the Debtor's prepetition Equity Interests and issuing New Equity in the Reorganized Debtor to ESW Capital, LLC ("ESW") and the distribution of Consideration to holders of Allowed Claims in accordance with the priority scheme established by the Bankruptcy Code or as otherwise agreed. Plan at Article I.

7. In particular, the reorganization of the Debtor and its estate will be implemented via (i) issuance of a portion of New Equity in the Reorganized Debtor to ESW or an affiliate, as the Plan Sponsor, in exchange for the Consideration; (ii) receipt of a portion of the New Equity of

the Reorganized Debtor by ESW, as the DIP Lender, pursuant to the Subscription Option; and (iii) distribution of the Consideration to the holders of Allowed Claims. See Article I of the Plan.

8. Article 4.1(b) provides for the payment of Statutory Fees as follows:

> All fees payable pursuant to 28 U.S.C. § 1930 shall be paid in Cash from the DIP Financing, up to the amount set forth in the Approved Budget, and otherwise from the Consideration equal to the amount of such Administrative Claim when due or no later than the Effective Date. Post-petition U.S. Trustee fees shall be paid and post-confirmation reports shall be filed as required by 28 U.S.C. § 1930 until the Chapter 11 Case is closed, converted or dismissed, and failure to do either timely is a material default pursuant to section 1112 of the Bankruptcy Code. After confirmation, the Distribution Trustee will file with the Bankruptcy Court and serve on the U.S. Trustee quarterly financial reports in a format prescribed by the U.S. Trustee, and the Distribution Trustee will pay post-confirmation quarterly fees to the U.S. Trustee until a final decree is entered or the case is converted or dismissed as provided in 28 U.S.C. § 1930(a)(6).

Plan at Article 4.1(b)

9. The Plan further provides that the Reorganized Debtor will continue to exist after the Effective Date[3] as a corporate entity, with all of the powers of a corporation under applicable law in the jurisdiction in which the Debtor is incorporated and pursuant to its Charter Documents in effect before the Effective Date, as such documents are amended by or pursuant to the Plan. Article 6.1 of the Plan.

---

[3] Under the Plan, the "Effective Date" means the first Business Day on which (a) the Confirmation Date has occurred, (b) the Confirmation Order is not stayed, (c) all conditions to the effectiveness of the Plan have been satisfied or waived as provided in the Plan, and (d) the Reorganized Debtor has filed a notice of the Effective Date. See Plan Exhibit A, Glossary of Defined Terms at p. 5.

## ANALYSIS AND ARGUMENT

**A. The Debtor Must Carry Its Burden of Showing Plan Meets Confirmation Standards of 11 U.S.C. § 1129(a)(11) and that the Transaction is for Good Value.**

10. The Debtor must show that the Plan can achieve the Debtor's objectives and promises to creditors. Section 1129(a)(11) of the Bankruptcy Code provides that a plan shall be confirmed only if confirmation "is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan." See, 11 U.S.C. § 1129(a)(11).

11. Feasibility means that a plan must be "reasonably likely to succeed on its own terms without a need for further reorganization on the debtor's part." *In re American Capital Equipment, LLC*, 688 F.3d 145, 156 (3d Cir. 2012) (citations, brackets omitted).

12. "The debtor has the burden of proving that a disclosure statement is adequate, including showing that the plan is confirmable or that defects might be cured or involve material facts in dispute." *Id.* at 155. A plan proponent must show feasibility by a preponderance of the evidence. *See In re W.R. Grace & Co.*, 475 B.R. 34, 114 (D. Del. 2012) (citing cases). A "debtor's own unsupported sincerity and belief that its plan is feasible is insufficient to satisfy the inquiry." *Id.* at 115.

13. When considering a plan, the Court has "an affirmative obligation to scrutinize the plan and determine whether it is feasible." *In re Young Broadcasting Inc.*, 430 B.R. 99, 128 (Bankr. S.D.N.Y. 2010) (citing cases). The Court has this duty "regardless of whether there is any objection raised by a party in interest." *In re Mid-State Raceway, Inc.*, 2006 WL 4050809 at *19 (Bankr. N.D.N.Y. Feb. 10, 2006).

14. Similarly, the Court must determine a plan's feasibility even if the plan has received overwhelming creditor support. *See In re Las Vegas Monorail Co.*, 462 B.R. 795, 803-04 (Bankr. D. Nev. 2011).

15. In this case, the Debtor will be reorganized pursuant to the Plan and continue in operation following the Effective Date. On the Effective Date, 1,000 shares of New Equity of the Reorganized Debtor shall be issued. To the extent the DIP Lender exercises the Subscription Option[4], the DIP Lender will receive New Equity of the Reorganized Debtor. In exchange for payment of the Consideration of $750,000, plus up to another $150,000, the Plan Sponsor will receive the remainder of the New Equity of the Reorganized Debtor. The aggregate amount of the New Equity received by the Plan Sponsor and the DIP Lender will equal 100% of the New Equity of the Reorganized Debtor. Disclosure Statement at pp. 2-3.

16. At confirmation, the Debtor must carry its burden of showing that the Plan is feasible and prove that (i) the transaction (including the $750,000 payment) is for fair value, (ii) that a sound business reason exists for the proposed transaction and (iii) that the transaction has been proposed in good faith and was the product of an arms-length transaction free of collusion. *Cf., In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143, 147 (3d Cir. 1986).

---

[4] On November 21, 2019, ESW Capital, LLC (the "DIP Lender") exercised the Subscription Option and elected to convert 100% of its Allowed DIP Lender Claim into 600 shares out of the total 1000 shares of reorganized Zumobi, Inc. (the "New Equity") which shall only be effective upon the effective date (the "Effective Date") of the Plan (D.I. 77)

**B. The Plan Must Provide for the Payment of Fees Pursuant to 28 U.S.C. § 1930(a)(6).**

17.     The obligation to pay U.S. Trustee Fees[5] on all disbursements, including payments pursuant to the Plan in and outside the ordinary course of the Debtor's business, pre-confirmation and post-confirmation, continues through entry of a final decree, dismissal or conversion of the case to a chapter 7 case.

18.     The payment of U.S. Trustee Fees is required by law and the parties may not avert, abrogate or avoid their obligation to pay U.S. Trustee Fees. The payment of U.S. Trustee Fees is required until the cases are closed, converted or dismissed. *United States Trustee v. The Stone Mansion at Gryphon*, 166 F. 3d 552 (3d Cir. 1999). It is a strict requirement of confirmation. 11 U.S.C. §1129(a) (12).

19.     The Debtor, the Reorganized Debtor and the Disbursement Trustee are all obligated to pay U.S. Trustee Fees in accordance with applicable law and these parties should be (i) jointly and severally liable for the payment of the U.S. Trustee Fees and (ii) should report their respective disbursements through quarterly financial reports in a format prescribed by the U.S. Trustee.[6]

20.     Pursuant to 28 U.S.C. § 1930(a)(6), such fees based on disbursements must be paid in every open Chapter 11 case. *See United States Trustee v. CF & I Fabricators of Utah, Inc. (In re CF & I Fabricators of Utah, Inc.)*, 150 F.3d 1233 (10th Cir. 1998); *Genesis Health Ventures, Inc. v. Stapleton (In re Genesis Health Ventures, Inc.)*, 402 F.3d 416, 418 (3d Cir. 2005) (where

---

[5] See 28 U.S.C. § 1930(a)(6).

[6] Pursuant to 11 U.S.C. § 704 (7) and (8), made applicable in Chapter 11 cases by 11 U.S.C. §§ 1106(a)(1) and 1107 (a) and Fed. R. Bankr. P. 2015, certain reports as prescribed by the United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 cases are required to be supplied in each case.

6

the Third Circuit affirmed the lower court holdings and held each debtor was obligated to pay quarterly fees based on the payment of its respective operating expenses regardless whether it actually wrote the checks to pay for these expenses). *See also, In re Charter Behavioral Health Sys., LLC*, 292 B.R. 36 (Bankr. D. Del. 2003); *In re Kindred Healthcare, Inc.*, 2003 WL 22327933 (Bankr. D. Del. 2003). "Payments made on behalf of a debtor, whether made directly or indirectly through centralized disbursing accounts, constitute that particular debtor's disbursements for the purpose of quarterly fees calculations under § 1930(a)(6)." *In re Genesis Health Ventures, Inc.* 402 F. 3d 416 (3d Cir. 2005). *See also, Cash Cow Servs. of Fla. LLC v. United States Trustee (In re Cash Cow Servs. of Fla. LLC)*, 296 F.3d 1261, 1263 (11th Cir. 2002), *cert. denied*, 537 U.S. 1161, 123 S. Ct. 979 (2003) (holding by the Eleventh Circuit Court of Appeals that consumer loans made by the debtor were "disbursements" within the meaning of 28 U.S.C. § 1930(a)(6) and therefore subject to the payment of Quarterly Fees).[7]

21.    Accordingly both the Plan and the Confirmation Order should provide for the proper payment of the U.S. Trustee Fees and the proper post-confirmation reporting as required under Fed. R. Bankr. P. 2015 and the U.S. Trustee Guidelines. The Plan should be revised and the

---

[7] Payment of U.S. Trustee Fees is mandatory in every case from the quarter in which the petition is filed until the quarter in which the case is closed pursuant to a final decree. *See United States Trustee v. Gryphon at the Stone Mansion, Inc.*, 166 F.3d at 554. As the fee owed in a particular quarter is determined solely by operation of statute, it is not subject to the agreement of the parties, nor is it subject to adjustment by the courts. *See, e.g., Walton v. Jamko, Inc. (In re Jamko, Inc.)*, 240 F.3d 1312, 1314 (11th Cir. 2001) (noting that calculation of fee is mandated by statute); *Jorgenson v. Schwartz (In re Wilko Machine Co.)*, No. 97-55937, 1997 WL 77963 (9th Cir. Feb. 4, 1997); *Office of the U.S. Trustee v. Hays Builders, Inc. (In re Hays Builders, Inc.)*, 144 B.R. 778, 779 (W.D. Tenn. 1992). Unpaid quarterly fees are referred to the Department of the Treasury for collection pursuant to the Debt Collection Improvement Act, 31 U.S.C. §§ 3701 et seq. Under 31 U.S.C. §3717, the United States Trustee will charge interest on delinquent quarterly fee balances.

Confirmation Order should make it clear that the Debtor, Reorganized Debtor and the Distribution Trustee are all required to pay U.S. Trustee Fees until the case is closed, converted or dismissed.

## CONCLUSION

22. The U.S. Trustee reserves all of his rights, duties and obligations found at law, equity or otherwise to, *inter alia*, further object to confirmation on any and all grounds, to revise, amend, supplement and/or augment this objection, and to take discovery regarding the present matter.

WHEREFORE, the U.S. Trustee respectfully asks that this Court grant such relief consistent with this Objection, deny confirmation unless the Debtor carries its burden of demonstrating the Plan's feasibility, and grant such other relief as the Court deems fair and just.

Dated: November 26, 2019　　　　　　　　　Respectfully submitted,
Wilmington, Delaware

**ANDREW R. VARA**
**ACTING UNITED STATES TRUSTEE**

By: */s/ Richard L. Schepacarter*
　　Richard L. Schepacarter
　　Trial Attorney
　　United States Department of Justice
　　Office of the United States Trustee
　　J. Caleb Boggs Federal Building
　　844 King Street, Room 2207, Lockbox 35
　　Wilmington, DE 19801
　　(302) 573-6491
　　(302) 573-6497 (Fax)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------o
|  |  |
|---|---|
| In re: | Chapter 11 |
| ZUMOBI, INC.[1] | Case No. 19-12284 (KG) |
| Debtor. | Re: D.I. 14, 15 & 29 |

---------------------------------o  **Hearing Date: December 9, 2019, at 10:30 a.m.**
**Obj. Deadline: November 27, 2019 at 4:00 p.m.**

### CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2019, I caused a copy of the United States Trustee's Objection to the Confirmation of the Plan of Reorganization of Zumobi, Inc. Dated October 28, 2019 (D.I. 14, 15 & 29) to be served *via* regular mail, CM/ECF and/or email to the following parties:

Jeffrey R. Waxman
Eric J. Monzo
Brya M. Keilson
500 Delaware Avenue
Suite 1500
Wilmington, DE 19801
Email: jwaxman@morrisjames.com
Email: emonzo@morrisjames.com
Email: bkeilson@morrisjames.com

Derek C. Abbott
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
16th Floor
P.O. Box 1347
Wilmington, DE 19899-1347
Email: dabbott@mnat.com

Trevor Hoffmann
Goulston & Storrs PC
885 Third Avenue, 18th Floor
New York, NY 10022
Email: thoffmann@goulstonstorrs.com

Ellen W. Slights, AUSA
United States Attorney's Office
District of Delaware
1007 N. Orange Street, Suite 700
Wilmington, DE 19801
Email: Ellen.slights@usdoj.gov

Securities & Exchange Commission
100 F Street, NE
Washington, DC 20549

---

[1] The last four digits of the Debtor's federal tax identification number are 0014. The Debtor's registered agent's address is Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

2

Securities & Exchange Commission
New York Regional Office
Attn: Andrew Calamari, Regional Director
Brookfield Place
200 Vesey Street, Suite 400
New York, NY 10281–1022

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101–7346

Secretary of State
Division of Corporations
Franchise Tax
P.O. Box 898
Dover, DE 19903

Delaware State Treasury
820 Silver Lake Blvd., Suite 100
Dover, DE 19904

Tom@seapointventures.com;
henry@auto-graph.com;
thomas@bbslaw.com;
steve@coveraventures.com;
serickson@cooley.com;
tom@seapointventures.com;
nate.rees@nortonrosefullbright.com;
roopesh.sureshi@inmpbi.com;
katrina.kordowski@thomsonreuters.com;
lori@divisiond.com;
jason@add3.com;
lconard@ap.org;
grant@taphype.com;
jasip@integralads.com;
aly@airfind.com;
mwliner@gordontilden.com;
deb@iab.com;
v-cherada.weaver@thetradedesk.com

*/s/Richard L. Schepacarter*
Richard L. Schepacarter
Trial Attorney

Securities & Exchange Commission
New York Regional Office
Attn: Andrew Calamari, Regional Director
Brookfield Place
200 Vesey Street, Suite 400
New York, NY 10281–1022

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101–7346

Secretary of State
Division of Corporations
Franchise Tax
P.O. Box 898
Dover, DE 19903

Delaware State Treasury
820 Silver Lake Blvd., Suite 100
Dover, DE 19904

Tom@seapointventures.com;
henry@auto-graph.com;
thomas@bbslaw.com;
steve@coveraventures.com;
serickson@cooley.com;
tom@seapointventures.com;
nate.rees@nortonrosefullbright.com;
roopesh.sureshi@inmpbi.com;
katrina.kordowski@thomsonreuters.com;
lori@divisiond.com;
jason@add3.com;
lconard@ap.org;
grant@taphype.com;
jasip@integralads.com;
aly@airfind.com;
mwliner@gordontilden.com;
deb@iab.com;
v-cherada.weaver@thetradedesk.com

*/s/Richard L. Schepacarter*
Richard L. Schepacarter
Trial Attorney