**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ZUMOBI, INC.,[1] | Case No. 19-12284 (KG) |
| Debtor. | **Re: Docket Nos. 13, 14, 29, 74, 85, 90, 91, 92, 94** |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW (I) APPROVING DISCLOSURE
STATEMENT ON FINAL BASIS; AND (II) CONFIRMING THE
PLAN OF REORGANIZATION OF ZUMOBI, INC. DATED OCTOBER 28, 2019**

The above-captioned debtor and debtor in possession (the "<u>Debtor</u>") having filed (i) the

*Disclosure Statement for the Plan of Reorganization of Zumobi, Inc.*, dated October 28, 2019

[Docket No. 13] (the "<u>Disclosure Statement</u>"); and (ii) (x) the *Plan of Reorganization of Zumobi,*

*Inc.,* dated October 28, 2019 [Docket No. 14], and (y) the *Plan Supplement* to the *Plan of*

*Reorganization of Zumobi, Inc.,* dated November 18, 2019 [Docket No. 74] (the "<u>Plan</u>

<u>Supplement</u>") (collectively with all exhibits and any other modifications, amendments, or

supplements thereto, the "<u>Plan</u>");[2] the Court having entered, on October 29, 2019, the *Order (A)*

*Conditionally Approving the Disclosure Statement; (B) Scheduling Combined Hearing to*

*Consider Approval of Plan and Disclosure Statement; (C) Establishing Deadline for Objections*

*to the Plan and Disclosure Statement; (D) Approving Procedures and Deadlines Concerning*

*Executory Contracts; (E) Approving Solicitation Procedures; (F) Approving Confirmation*

*Hearing Notice and (G) Granting Related Relief* [Docket No. 29] (the "<u>Solicitation Procedures</u>

<u>Order</u>"), establishing, among other things, certain solicitation and voting tabulation procedures

associated with the Plan; a true and correct copy of the Plan being attached hereto as **Exhibit A;**

---

[1]  The Debtor's last four digits of its U.S. federal tax identification number are 0014.

[2]  Capitalized terms used but not defined herein have the meanings given to them in the Plan.

the Plan having been transmitted to creditors and equity security holders together with a copy of the Disclosure Statement on November 4, 2019; the Debtor having published a *Notice of (A) Deadline to File Claim and (B) Proposed Confirmation of Plan of Reorganization* in the national edition of the New York Times on November 1, 2019; and the Court having conducted a hearing to consider approval of the Disclosure Statement on a final basis and confirmation of the Plan, on December 9, 2019 (the "<u>Confirmation Hearing</u>"); the Court having considered: (a) the witness testimony at the Confirmation Hearing, as well as the declarations included among the exhibits admitted into evidence at the Confirmation Hearing, including (i) *the Declaration of Ken Willner in Support of the Petition and First Day Motions* [Docket No. 18] (the "<u>First Day Declaration</u>"); (ii) the *Declaration of Ken Willner in Support of Confirmation of the Debtor's Plan of Reorganization* [Docket No. 90] (the "<u>Confirmation Declaration</u>") and (iii) the *Declaration of Jeffrey R. Waxman Regarding Analysis of Ballots for Accepting or Rejecting the Debtor's Plan of Reorganization Pursuant to Chapter11 of the Bankruptcy Code* [Docket No. 91] (the "<u>Waxman Voting Declaration</u>"), the *Supplemental Declaration of Ken Willner in Support of Confirmation of the Debtor's Plan of Reorganization* [Docket No. 96] (the "<u>Supplemental Willner Declaration</u>," and, together with the First Day Declaration, the Confirmation Declaration, and the Waxman Voting Declaration, the "<u>Declarations</u>"); (b) the arguments of counsel and all evidence proffered or adduced at the Hearing, including the proffered testimony of Ken Willner that the Debtor does not believe that the estate has any liability to governmental entities other than those forth in the Debtor's schedules; (c) the resolution and settlement of the objection filed by and informal comments received from the Office of the United States Trustee; and (d) the additional filings made by the Debtor in support of the Plan, including (i) the *Memorandum of Law in Support of the Debtor's Request for an Order Confirming the Plan of Reorganization of Zumobi, Inc., dated*

*October 28, 2019* [Docket No. 92] (the "Confirmation Memorandum"), (ii) the notice of publication [Docket No. 52] (the "Publication Affidavit"); and (iii) the affidavits of service for the Plan, the Disclosure Statement, the ballots and other solicitation materials [Docket No. 63] (the "Zerbe Service Affidavit"); the Court being familiar with the Plan, the Disclosure Statement and the relevant facts and circumstances concerning this Chapter 11 Case; the Court having taken judicial notice of the entire docket of this Chapter 11 Case and all pleadings and other documents filed, all orders entered, and evidence and arguments made, proffered, or adduced at the hearings held before the Court during this Chapter 11 Case; the Court having found that due and proper notice has been given with respect to the Confirmation Hearing and the deadlines and procedures for voting on the Plan and asserting objections to the Plan consistent with the Solicitation Procedures Order; the appearance of all interested parties having been duly noted in the record of the Hearing; and upon the record of the Confirmation Hearing, and after due deliberation thereon, and sufficient cause appearing therefor:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.      Findings of Fact and Conclusions of Law. The findings set forth herein and on the record of the Confirmation Hearing constitute the Court's findings of fact pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      Judicial Notice. The Court takes judicial notice of the docket of the Chapter 11 Case maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence admitted and arguments made at the hearings held before the Court during the pendency of the Chapter 11 Case.

C.      <u>Exclusive Jurisdiction; Core Proceeding; Venue</u>. This Court has jurisdiction over the Chapter 11 Case and to confirm the Plan pursuant to 28 U.S.C. § 1334. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court and in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

D.      <u>Chapter 11 Petition</u>. On October 25, 2019 (the "<u>Petition Date</u>"), the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code.

E.      <u>Eligibility for Relief</u>. The Debtor is a proper debtor under section 109 of the Bankruptcy Code and the Debtor is a proper proponent of the Plan under section 1121(a) of the Bankruptcy Code.

F.      <u>Solicitation Procedures Order</u>. On October 29, 2019, the Court entered the Solicitation Procedures Order, approving the adequacy of the Disclosure Statement on a conditional basis, and establishing the procedures for solicitation of the Plan.

G.      <u>Notice, Transmittal, and Mailing of Solicitation Materials</u>. As evidenced by the Zerbe Service Affidavit and the Publication Affidavit, due, adequate, and sufficient notice of the Plan, and the Confirmation Hearing, together with all deadlines for objecting to and voting to accept or reject the Plan, have been provided as required by the Solicitation Procedures Order.  No other or further notice is necessary or shall be required.

H.      <u>Solicitation</u>. Votes for acceptance and rejection of the Plan were solicited in good faith and in compliance with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, the Solicitation Procedures Order, all applicable provisions of the Bankruptcy Code, and all other applicable rules, laws, and regulations.

I.      <u>Vote Certification</u>. All procedures used to tabulate the Ballots were fair and conducted in accordance with the Solicitation Procedures Order, the Bankruptcy Code, the

Bankruptcy Rules, the Local Rules, and all other applicable rules, laws, and regulations. As evidenced by the Vote Certification, Creditors in Classes 2, 3 and 4 all voted unanimously to accept the Plan.

J.      <u>Plan Supplement</u>. On November 18, 2019, the Debtor filed the Plan Supplement, which included the (i) form of Amended and Restated Bylaws, (ii) form of Amended and Restated Certificate of Incorporation (together, the "<u>Charter Documents</u>"), (iii) Distribution Trust Agreement, and (iv) disclosures pursuant to section 1129(a)(5) of the Bankruptcy Code. All information and documents included in the Plan Supplement and the amendments thereto are integral to, part of, and incorporated by reference into the Plan. The Plan Supplement complies with the terms of the Plan, and the filing and notice of such documents provided due, adequate, and sufficient notice in accordance with the Solicitation Procedures Order, the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and no other or further notice is necessary or shall be required. Consistent with the terms of the Plan, the Debtor reserves its right to alter, amend, update, or modify the Plan Supplement before the Effective Date.

K.      <u>Bankruptcy Rule 3016</u>. The Plan is dated and identifies its proponent in accordance with Bankruptcy Rule 3016(a). The filing of the Disclosure Statement on the docket of the Chapter 11 Case satisfied Bankruptcy Rule 3016(b).

**Compliance with Section 1129 of the Bankruptcy Code**

L.      <u>Burden of Proof</u>. The Debtor has met its burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence, which is the applicable standard.

M.      <u>The Plan Complies With Section 1129(a) of the Bankruptcy Code</u>. The evidentiary record at the Confirmation Hearing, the Declarations, the contents of the Plan and the Disclosure Statement, the Omni Service Affidavit, the Confirmation Memorandum, and the Court's judicial

notice of the complete record of this Chapter 11 Case support the findings of fact and conclusions of law set forth herein.

      N.    <u>Section 1129(a)(1)</u>. The Plan complies with section 1129(a)(1) of the Bankruptcy Code, as the Plan complies with each applicable provision of the Bankruptcy Code. In particular, the Plan complies with the requirements of sections 1122 and 1123 of the Bankruptcy Code as follows:

1. In accordance with section 1122(a) of the Bankruptcy Code, (a) Article V of the Plan classifies Claims and Equity Interests into five (5) separate Classes reflecting the differing characteristics of those Claims and Equity Interests between Classes and the distinct legal rights of the holders of those Claims and Equity Interests in the separate Classes; and (b) the Claims and Equity Interests within each Class are substantially similar to the other Claims or Equity Interests within the same Class.

2. In accordance with section 1123(a)(1) of the Bankruptcy Code, Article V of the Plan properly classifies all Claims and Equity Interests that require classification.

3. In accordance with section 1123(a)(2) of the Bankruptcy Code, section 3.3 of the Plan properly identifies and describes that Class 1 is not impaired under the Plan.

4. In accordance with section 1123(a)(3) of the Bankruptcy Code, sections 3.4 and 3.5 of the Plan properly identify and describe that Classes 2, 3, 4 and 5 are impaired under the Plan.

5. In accordance with section 1123(a)(4) of the Bankruptcy Code, Article V of the Plan treats each Claim or Equity Interest against the Debtor, in each respective Class, the same as each other Claim or Interest in such Class.

6. In accordance with section 1123(a)(5) of the Bankruptcy Code, the Plan provides adequate means for its implementation, including, without limitation, (a) the vesting of assets of the Estate in the Reorganized Debtor (other than the Distribution Trust Assets), (b) the appointment and powers of the Distribution Trustee, (c) vesting of the Distribution Trust Assets in the Distribution Trust, (d) the establishment and funding of the Distribution Trust Account, and (e) the distribution of the Distribution Trust.

7. The Charter Documents, included in the Plan Supplement, conform to section 1123(a)(6) of the Bankruptcy Code's prohibition on the issuance of non-voting equity securities.

8. Pursuant to section 6.2 of the Plan and in accordance with section 1123(a)(7) of the Bankruptcy Code, the members of the board of directors of the Debtor existing

immediately before the Effective Date shall be deemed terminated and/or removed and the Plan Sponsor may nominate and elect new members of the board of directors. The members of the board of directors and officers of Reorganized Debtor will be selected in accordance with the Charter Documents, provided that certain directors and officers have been selected and identified as set forth in the Plan Supplement.

9.      Section 1123(a)(8) of the Bankruptcy Code is not applicable in this Chapter 11 Case because the Debtor is not an "individual."

10.     Consistent with section 1123(b)(1) of the Bankruptcy Code, Article V of the Plan impairs or leaves unimpaired, as the case may be, each Class of Claims and Equity Interests.

11.     Consistent with section 1123(b)(2) of the Bankruptcy Code, Article VIII of the Plan provides for the assumption or rejection of all of the executory contracts or unexpired leases of the Debtor that have not already been assumed or rejected in this Chapter 11 Case.

12.     Consistent with section 1123(b)(3) of the Bankruptcy Code, (a) section 6.6 of the Plan provides for the retention of Rights of Action by the Reorganized Debtor; (b) section 7.1 of the Plan provides for the pursuit of certain claim objections by the Distribution Trustee and the Reorganized Debtor; and (c) Article XI of the Plan provides for the comprehensive settlement of claims and controversies relating to the rights that holders of Claims or Equity Interests may have with respect to any Allowed Claims or Equity Interests or any distributions made pursuant to the Plan on account of such Allowed Claims or Equity Interests.

13.     Section 1123(b)(4) of the Bankruptcy Code is not applicable because the Plan implements a reorganization of the company.

14.     Consistent with section 1123(b)(5) of the Bankruptcy Code, Article V of the Plan permissibly modifies the rights of holders of unsecured claims.

15.     Consistent with section 1123(b)(6) of the Bankruptcy Code, the Plan includes additional appropriate provisions that are not inconsistent with applicable provisions of the Bankruptcy Code, including, without limitation, (a) Article VII, establishing procedures for resolving Disputed Claims and governing distributions on account of Allowed Claims; (c) Articles VI and XI, providing for the preservation of certain causes of action, the comprehensive settlement of claims and controversies and related releases and injunctions against certain actions; and (d) Article XII, providing for the retention of jurisdiction by the Court over certain matters after the Effective Date.

16.     Section 1123(c) of the Bankruptcy Code is not applicable in this Chapter 11 Case because the Debtor is not an "individual."

17.     In accordance with section 1123(d) of the Bankruptcy Code, Article VIII of the Plan provides for the payment of all Cure Amounts associated with the assumption of an executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code.

O.      <u>Section 1129(a)(2)</u>. The Debtor has complied with all applicable provisions of the Bankruptcy Code with respect to the Plan and the solicitation of acceptances or rejections thereof. In particular, the Plan complies with the requirements of sections 1125 and 1126 of the Bankruptcy Code as follows:

1.      In compliance with the Solicitation Procedures Order, on November 4, 2019 (the "<u>Solicitation Commencement Date</u>"), the Debtor caused copies of the following materials to be transmitted to the known holders of Claims in Classes that were entitled to vote to accept or reject the Plan (Claims in Classes 2, 3 and 4) (collectively, the "<u>Voting Classes</u>"):

● The Disclosure Statement for the Plan of Reorganization (of which the Plan is an exhibit);

● Notice of (I) Commencement of Chapter 11 Cases and Meeting of Creditors; (II) Imposition of the Automatic Stay; and (III) Combined Hearing to Approve (A) The Disclosure Statement and (B) the Plan of Reorganization for and Related Matters;

● Solicitation Procedures Order (A) Conditionally Approving the Disclosure Statement; (B) Scheduling Combined Hearing to Consider Approval of Plan and Disclosure Statement; (C) Establishing Deadline For Objections to the Plan and Disclosure Statement; (D) Approving Procedures and Deadlines Concerning Executory Contracts; (E) Approving Solicitation Procedures; (F) Approving Confirmation Hearing Notice and (H) Granting Related Relief; and

● A form of Ballot.

2.      In compliance with the Solicitation Procedures Order, on the Solicitation Commencement Date, the Debtor caused the following materials to be served on all members of non-voting Classes, and (ii) the *Notice of Non-Voting Status* (the "<u>Non-Voting Notice</u>") to be served on all members of non-voting Classes, including (i) Office of the United States Trustee; (ii) the Office of the United States Attorney for the District of Delaware; (iii) the Internal Revenue Service; (iv) any statutory committee appointed in these chapter 11 cases; (v) all known Holders of Claims and Interests in the chapter 11 cases; (vi) all parties filing a notice of appearance and request for service pursuant to Bankruptcy Rule 2002 in these chapter 11 cases; (vii) all state and local taxing authorities in the states in which the

8

Debtors have tax liability; (viii) any and all federal, state and local authorities that regulate any portion of the Debtors' business; (ix) any and all counterparties to executory contracts and unexpired leases and (x) all persons or entities listed on the Debtors' creditor mailing matrix:

- The Disclosure Statement for the Plan of Reorganization;
- Notice of (I) Commencement of Chapter 11 Cases and Meeting of Creditors; (II) Imposition of the Automatic Stay; and (III) Combined Hearing to Approve (A) The Disclosure Statement and (B) the Plan of Reorganization for and Related Matters;
- Order (A) Conditionally Approving the Disclosure Statement; (B) Scheduling Combined Hearing to Consider Approval of Plan and Disclosure Statement; (C) Establishing Deadline For Objections to the Plan and Disclosure Statement; (D) Approving Procedures and Deadlines Concerning Executory Contracts; (E) Approving Solicitation Procedures; (F) Approving Confirmation Hearing Notice and (H) Granting Related Relief; and
- Notice of Non-Voting Status Regarding Debtor's Plan of Reorganization.

3. The Debtor caused to have published in the national edition of the New York Times on November 1, 2019, a modified version of the Confirmation Hearing Notice (the "Publication Notice").

4. In addition, in compliance with the Solicitation Procedures Order, copies of the Solicitation Procedures Order, the Plan, and the Disclosure Statement have been available upon request from the Debtor's counsel free of charge and the foregoing was set forth in the Confirmation Hearing Notice.

5. On November 18, 2019, the Debtor filed the Plan Supplement and made the Plan Supplement available and served it on all parties that received a Solicitation Package.

6. The Confirmation Hearing Notice provided due and proper notice of the Confirmation Hearing and all relevant dates, deadlines, procedures, and other information relating to the Plan and/or the solicitation of votes thereon, including, without limitation, the deadline to file objections to and vote on the Plan, the time, date, and place of the Confirmation Hearing and referenced the provisions in the Plan concerning certain of the third party releases provided for in the Plan.

7. Based on the foregoing, all persons entitled to receive notice of the Disclosure Statement, the Plan, and the Confirmation Hearing have received proper, timely, and adequate notice in accordance with the Solicitation Procedures Order, the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, and have had an opportunity to appear and be heard with respect thereto. As such, the Debtor is in compliance with section 1128 of the Bankruptcy Code and Bankruptcy Rules 2002(b) and 3017(d)–(f). No other or further notice is required.

8. Further, also based on the foregoing, the Debtor solicited votes with respect to the Plan in good faith and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Procedures Order.

9. Based upon the procedures approved in Solicitation Procedures Order, the Debtor determined the validity of, and tabulation with respect to, all acceptances and rejections of the Plan by holders of Claims entitled to vote on the Plan, including the amount and number of accepting and rejecting Claims in Classes 2, 3 and 4 under the Plan.

10. The Waxman Voting Declaration sets forth the tabulation of votes and demonstrates that such tabulation was conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Procedures Order.

P.    Section 1129(a)(3). The Plan has been proposed by the Debtor in good faith and in the belief that the proposed reorganization and establishment of the Distribution Trust will maximize value for the Debtor's creditors. The Plan accomplishes the goals promoted by section 1129(a)(3) of the Bankruptcy Code by enabling the Debtor to reorganize as a going concern and enabling the Distribution Trustee to make distributions to creditors on a fair and equitable basis, in accordance with the priorities established by the Bankruptcy Code. As set forth in the Confirmation Declaration, the Plan is the direct result of extensive good faith, arm's length negotiations between the Debtor and the Plan Sponsor and thereby reflects significant benefit to the Debtor's estate. The Plan has been proposed with the legitimate and honest purpose of implementing a reorganization of the Debtor and maximizing the value of the Estate to achieve the best interests of the Debtor's creditors. In so finding, the Court has considered the totality of the circumstances in this Chapter 11 Case. The unanimous support for the Plan by holders of Claims in Class 2, 3 and 4 further demonstrates that the Plan was proposed in good faith. Finally, as described in greater detail below, the Plan's indemnification, exculpation, release, and injunction provisions are warranted, necessary, and appropriate, and are supported by sufficient consent and consideration under the circumstances of the Chapter 11 Case as a whole and are consistent with sections 105, 1123(b)(6), and 1129 of the Bankruptcy Code and applicable law in this Circuit.

Q.      <u>Section 1129(a)(4)</u>. No payment for services or costs and expenses in connection with this Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, has been or will be made by the Debtor other than payments that have been authorized by an order of the Court, including without limitation by the confirmation of the Plan by this Confirmation Order. Pursuant to section 4.1(c)(ii) of the Plan, such Professionals' applications for allowance of final compensation and reimbursement of expenses must be filed and served no later than forty-five (45) days after the Effective Date of the Plan.

R.      <u>Section 1129(a)(5)</u>. The identity and affiliations of the individuals that will serve as directors and officers of the Reorganized Debtor have been disclosed in the Plan Supplement, in satisfaction of section 1129(a)(5)(A)(i) of the Bankruptcy Code. Further, in accordance with section 1129(a)(5)(A)(ii) of the Bankruptcy Code, the appointment of the directors and officers to such offices is consistent with the interests of creditors and with public policy inasmuch as no objection to their appointment was received.

S.      Disclosure of Distribution Trustee.  The identity of the Distribution Trustee was disclosed in the Disclosure Statement, in satisfaction of section 1129(a)(5)(A)(i) of the Bankruptcy Code. Further, in accordance with section 1129(a)(5)(A)(ii) of the Bankruptcy Code, the appointment of the Distribution Trustee is consistent with the interests of creditors and with public policy inasmuch as no objection to the proposed Distribution Trustee was received. Further, in accordance with section 1129(a)(5)(B), no insider will be employed or retained by the Reorganized Debtor.

T.      <u>Section 1129(a)(6)</u>. The Plan does not provide for any changes in rates that require regulatory approval of any governmental agency. As such, section 1129(a)(6) of the Bankruptcy Code is inapplicable in this Chapter 11 Case.

U.      Section 1129(a)(7). Each holder of an impaired Claim or Equity Interest that has not accepted or is deemed not to have accepted the Plan will, on account of such Claim or Equity Interest, receive or retain property under the Plan having a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on the Effective Date. *See* Disclosure Statement at Art. VII.C & Exhibit B (Liquidation Analysis). The Debtor has demonstrated that the Plan is in the best interests of its creditors.

V.      Section 1129(a)(8). Four (4) of the five (5) Classes under the Plan have either voted to accept the Plan, or are unimpaired under the Plan.  Holders of Claims in Class 1 are deemed to accept.  Holders of Equity Interests in Class 5 are deemed to reject. Nevertheless, with respect to Class 5, the Plan is confirmable because it satisfies section 1129(b)(1) of the Bankruptcy Code with respect to such non-accepting Class of Equity Interests.

W.      Section 1129(a)(9). The Plan provides treatment for Allowed Administrative Claims and Allowed Priority Tax Claims that is consistent with the requirements of section 1129(a)(9) of the Bankruptcy Code. Unless otherwise agreed to, the holder of each Allowed Administrative Claim and Allowed Priority Tax Claim will receive full payment in Cash on account of such Claim within the prompt timeframe specified in the Plan with respect to such Claims.

X.      Section 1129(a)(10). The Plan has been accepted by Classes 2 and 3, each of which are impaired under the Plan, determined without including the acceptance of the Plan by any insider.  The Plan has also been unanimously accepted by Class 4, which is comprised of Claims held by the Noteholders, which are insiders of the Debtor.

Y.      Section 1129(a)(11). As evidenced by the Confirmation Declaration, together with any additional evidence admitted at the Confirmation Hearing, the Plan is feasible and complies with section 1129(a)(11) of the Bankruptcy Code. Furthermore, the Consideration will be funded on the Effective Date. Accordingly, no distributions to creditors under the Plan are dependent on any metrics related to the Reorganized Debtor. *See* Plan at § 6.3.

Z.      Section 1129(a)(12). The Plan provides the Debtor will pay all fees required under 28 U.S.C. § 1930(a) as of the Effective Date. *See* Plan at § 4.1(b). Further, the Plan provides for payment of such fees after the Effective Date. *See* Plan at § 13.13 and ¶ 36 infra.

AA.     Section 1129(a)(13). The Debtor does not owe retiree benefits (as that term is defined under section 1114 of the Bankruptcy Code). Thus, section 1129(a)(13) of the Bankruptcy Code is inapplicable to the Plan.

BB.     Sections 1129(a)(14)-(16). Sections 1129(a)(14)-(16) of the Bankruptcy Code apply to individuals or nonprofit entities and are not applicable to the Chapter 11 Case.

CC.     Section 1129(b). The Plan does not "discriminate unfairly" with respect to Class 5, which is the only Class that is impaired under the Plan and has not accepted the Plan  (Class 5 is deemed to reject). In addition, the Plan is "fair and equitable" under section 1129(b) of the Bankruptcy Code with respect to Class 5 because no holder of an interest that is junior to the Equity Interests in Class 5 is receiving or retaining any property under the Plan on account of such interest.

DD.     Section 1129(c). The Plan is the only plan of reorganization that has been filed in the Chapter 11 Case and it is the only plan that has been found to satisfy the requirements of subsections (a) and (b) of section 1129 of the Bankruptcy Code. Accordingly, the requirements of section 1129(c) of the Bankruptcy Code have been satisfied.

EE.    <u>Section 1129(d)</u>. No party in interest, including but not limited to any governmental unit, has requested that the Court deny confirmation of the Plan on grounds that the principal purpose of the Plan is "the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933," and the principal purpose of the Plan is not such avoidance. Accordingly, the Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

FF.    <u>Section 1129(e)</u>. The Plan complies with section 1129(e) of the Bankruptcy Code, since the Plan complies with the applicable provisions of this title and was filed in accordance with section 1121(e) of the Bankruptcy Code.

**Means for Implementation of the Plan**

GG.    <u>Implementation</u>. The various means for implementation of the Plan, as set forth in Article VI and other provisions of the Plan (collectively, the "<u>Implementation Activities</u>"), have been designed and proposed in good faith. The Implementation Activities are adequate and will promote the maximization of the value of the ultimate recoveries under the Plan in a fair and equitable manner in accordance with the priorities established by the Bankruptcy Code. The Implementation Activities are not intended to hinder, delay, or defraud any entity to which the Debtor is indebted on the Effective Date. Pursuant to section 10.2 of the Plan, all remaining assets in the Estate – other than Distribution Trust Assets – will vest in the Reorganized Debtor as of the Effective Date. Pursuant to section 6.4(g) of the Plan, all property of the Debtor constituting the Distribution Trust Assets shall be conveyed and transferred by the Debtor to the Distribution Trust and administered by the Distribution Trustee.

HH.    <u>Securities Exempt from Registration</u>. The undertakings and obligations of the Debtor pursuant to the Plan, including its undertakings and/or obligations to make distributions of securities including (i) the issuance of the New Equity to ESW, in its capacity as the DIP Lender and in its capacity as the Plan Sponsor, and (ii) the issuance of Beneficial Interests in the

Distribution Trust, shall in each case be exempt, pursuant to section 1145 of the Bankruptcy Code, from Section 5 of the Securities Act of 1933 and from any and all federal, state, or local laws requiring the registration of the offer, sale or other distribution of such securities by the Debtor.

II.     Executory Contracts and Unexpired Leases.  Pursuant to sections 365 and 1123(b)(2) of the Bankruptcy Code, upon the occurrence of the Effective Date, Article VIII of the Plan provides for the assumption of certain agreements specified on the *Schedule of Assumed Contracts and Unexpired Leases* [Docket No. 78] (as supplemented, and as may be amended, the "Schedule of Assumed Contracts and Unexpired Leases"), subject to the terms of the Plan, and for the rejection of all remaining executory contracts and unexpired leases of the Debtor. The determinations regarding the assumption or the rejection of executory contracts and unexpired leases are based on the Plan Sponsor's anticipated business plan and will aid in the implementation of the Plan, and are in the best interests of the Debtor, its Estate, and the holders of Claims and other parties in interest in the Chapter 11 Case. The Debtor has filed and adequately served the Schedule of Assumed Contracts and Unexpired Leases identifying the executory contracts and unexpired leases to be assumed pursuant to section 8.1 of the Plan.  Section 8.2 of the Plan provides for the rejection of all other executory contracts and unexpired leases.

JJ.     No Objection to Rejection of Executory Contracts or Unexpired Leases.  No party objected to the rejection of any executory contracts or unexpired leases pursuant to section 8.2 of the Plan.

KK.     Injunctions, Releases, and Discharge. The Court has jurisdiction under sections 1334(a) and (b) of title 28 of the United States Code and sections 105, 524, and 1141 of the Bankruptcy Code to approve the provisions with respect to the releases, exculpation, and discharge/injunction set forth in Article XI of the Plan. The releases set forth in Article XI of the

Plan represent a valid exercise of the Debtor's business judgment and accordingly are appropriate under section 1123(b)(3)(A) of the Bankruptcy Code. The releases set forth in section 11.5 of the Plan are binding on all (a) Creditors who are unimpaired, (b) Creditors who returned a Ballot and did not check the opt-out box on the Ballot, and (c) Creditors who were sent a solicitation package but did not vote and did not return a Ballot with the opt-out box checked; provided further, however that the release provided in Section 11.5 of the Plan shall not apply to any Creditor in category (c) above if the solicitation package was returned to the Debtor as undelivered, and that such Creditor did not otherwise file a ballot; and provided further, however, that the release provided in Section 11.5 of the Plan shall not extend to any claims by any Governmental Unit with respect to criminal liability under applicable law, willful misconduct or bad faith under applicable law, or *ultra vires* acts under applicable law.  Holders of Equity Interest holders who were deemed to reject the Plan and holders of Claims who elected to opt out of such releases are deemed to have opted out of the releases set forth in section 11.5 of the Plan as to the Released Parties. The exculpation provisions set forth in Section 11.3 of the Plan are appropriately tailored to protect the Exculpated Parties from inappropriate litigation and does not relieve any party of liability for gross negligence or willful misconduct. The Released Parties pursuant to Section 11.4 of the Plan have contributed substantial value to the Debtor and the formulation of the Plan. Such Released Parties' efforts in negotiating and ultimately formulating the Plan enabled the Debtor to file the Plan. The discharge and injunction set forth in Sections 11.1 and 11.2 of the Plan comply with section 524(e) of the Bankruptcy Code and are important to the overall objectives of the Plan to finally resolve all claims against the Debtor in the Chapter 11 Case.  Based upon the record of the Chapter 11 Case and the evidence admitted at or prior to the Confirmation Hearing, this Court finds that the releases,

discharges, injunctions, and exculpations set forth in Article XI of the Plan are consistent with the Bankruptcy Code and applicable law.

LL.    Other Findings. To permit the Distribution Trustee to commence his duties as quickly as practicable, to promote prompt distributions under the Plan and Distribution Trust Agreement for the benefit of creditors and because a significant number of Implementation Activities are capable of being undertaken in short order, good cause exists to support the waiver of the stay imposed by Bankruptcy Rule 3020(e).

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED, AS FOLLOWS:**

1.    Disclosure Statement.  The Disclosure Statement is **APPROVED** on a final basis.

2.    Confirmation. All requirements for confirmation of the Plan have been satisfied. The Plan is **CONFIRMED** in its entirety pursuant to section 1129 of the Bankruptcy Code. The terms of the Plan, exhibits to the Plan, the Plan Supplement, and any other documents filed in connection with the Plan and/or executed or to be executed in connection with the transactions contemplated by the Plan, and all amendments and modifications thereof, are expressly incorporated into, and form an integral part of, this Confirmation Order. A copy of the Plan in the form confirmed is attached hereto as **Exhibit A**.

3.    Objections. All Objections that have not been withdrawn or resolved prior to the entry of this Confirmation Order, including any with respect to the Plan, are overruled in all respects for the reasons set forth in the record of the Confirmation Hearing, which record is incorporated herein, and all withdrawn objections, if any, are deemed withdrawn with prejudice.

4.    Omission of Reference to Particular Plan Provisions. The failure to specifically describe or include any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Plan be approved and confirmed in its entirety.

5.      <u>Implementation</u>. The Debtor, the Plan Sponsor, the Reorganized Debtor, and the Distribution Trustee, and their successors are authorized and directed to take all actions necessary, appropriate, or desirable to enter into, implement, and consummate the contracts, instruments, releases, agreements, or other documents created or executed in connection with the Plan Documents.  No later than two business days following the Effective Date, the Debtor shall close each of its open bank accounts, including its debtor-in-possession operating account.  Without further order or authorization of this Court, the Debtor, the Plan Sponsor, the Reorganized Debtor, the Distribution Trustee, and their successors are authorized and empowered to make all modifications to all Plan Documents that are consistent with the Plan. Execution versions of the Plan Documents, where applicable, shall constitute legal, valid, binding, and authorized obligations of the respective parties thereto, enforceable in accordance with their terms.

6.      <u>Effective Date</u>. The Effective Date of the Plan shall occur on the date determined by the Debtor, after reasonable consultation with the Plan Sponsor, when the conditions set forth in Section 13.2 of the Plan have been satisfied or, if applicable, waived in accordance with the Plan.

7.      <u>Modifications or Alterations to Plan</u>. To the extent the Plan has been modified, supplemented, or altered subsequent to solicitation, such modifications, supplements, and alterations constitute clarifications or technical changes, and do not materially adversely affect or change the treatment of any Claims or Equity Interests. Accordingly, pursuant to Bankruptcy Rule 3019, such modifications or alterations, if any, do not require additional disclosure under section 1125 of the Bankruptcy Code or re-solicitation of votes under section 1126 of the Bankruptcy Code, nor do they require that holders of Claims or Equity Interests be afforded an opportunity to change previously cast acceptances or rejections of the Plan.

8.      <u>Binding Effect of Plan</u>. Subject to the occurrence of the Effective Date, the provisions of the Plan and this Confirmation Order shall be binding upon: (a) the Reorganized Debtor; (b) the Distribution Trust and the Distribution Trustee; (c) all Professionals and Ordinary Course Creditors; (d) any and all non-Debtor parties to judicial or administrative proceedings in which the Debtor or the Debtor is a party; (e) any and all holders of Claims or Equity Interests (irrespective of (i) whether such Claims or Equity Interests are impaired under the Plan, (ii) whether the holders of such Claims or Equity Interests accepted, rejected, or are deemed to have accepted or rejected the Plan, or (iii) whether such Claims or Equity Interests have been asserted in a filed proof of claim, proof of interest, request for administrative expense payment or other pleading or filing); (f) any and all non-Debtor parties to executory contracts or unexpired leases with the Debtor or the Debtor; (g) any party that had received or may be deemed to have received notice of the Plan and the Confirmation Hearing; and (h) the respective heirs, executors, administrators, trustees, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, guardians, successors or assigns, if any, of any of the foregoing. All settlements, compromises, discharges, releases, waivers, exculpations, and injunctions set forth in the Plan shall be, and hereby are, effective and binding on all Persons who may have had standing to assert any settled, released, discharged, exculpated, or enjoined causes of action, subject to the terms of Article XI of the Plan, and no other Person or entity shall possess such standing to assert such causes of action after the Effective Date.

9.      <u>Distributions</u>. On and after the Effective Date, the Distributions on account of Allowed Claims and the resolution and treatment of Disputed Claims pursuant to Article VII of the Plan are authorized to occur and, without limitation on the other provisions of the Plan and this Confirmation Order concerning the powers, duties, and authority of the Distribution Trustee, the

Distribution Trustee shall be authorized to effectuate such Distributions, resolution, and treatment, subject to the following:  the Distribution Trustee is authorized and directed to make an initial distribution under the Plan in an aggregate amount of no less than seventy-five percent (75%) and no more than eighty-five percent (85%) of the money funded for distribution to Classes 2, 3, and 4 within thirty (30) days of the Effective Date, and subject to further order of the Court, the balance of the funds shall be distributed within thirty (30) days after the governmental claims bar date unless an objection to a claim by a governmental entity is filed, in which case, subject to further order of the Court, the balance of the funds shall be distributed within thirty (30) days after the resolution of the objection.

10.    <u>Executory Contracts and Unexpired Leases</u>. The executory contract and unexpired lease provisions of Article VIII of the Plan, including without limitation the deemed rejection of executory contracts and unexpired leases pursuant to Section 8.2 of the Plan, are specifically approved in all respects, are incorporated herein in their entirety, and are so ordered.  Further, this Confirmation Order shall constitute an order of the Court, pursuant to sections 365 and 1123 of the Bankruptcy Code, as of and conditioned on the occurrence of the Effective Date, approving (a) the assumption of the executory contracts and unexpired leases specified in the Schedule of Assumed Contracts and Unexpired Leases by the Reorganized Debtor, and (b) the rejection of all remaining executory contracts and unexpired leases of the Debtor. The Plan Sponsor may amend the Schedule of Assumed Contracts and Unexpired Leases at any time prior to the Effective Date of the Plan.

11.    <u>Rejection of Executory Contracts or Unexpired Leases</u>. The rejection of any executory contract or unexpired lease pursuant to the Plan or otherwise shall not constitute a termination of pre-existing obligations owed to the Debtor under such executory contract or

unexpired lease by any counterparty thereto. Notwithstanding any applicable nonbankruptcy law to the contrary, the Reorganized Debtor expressly reserves and does not waive any right to receive, or any continuing obligation of a counterparty to provide, warranties, indemnifications, and/or contributions under or in connection with such executory contract or unexpired lease. The terms of any confidentiality agreement or covenant not to compete contained therein shall survive and remain in full force and effect for the term thereof. Any such rights shall vest in the Reorganized Debtor as of the Effective Date.

12.     Bar Date for Rejection Claims. Claims arising out of the rejection of an executory contract or unexpired lease pursuant to Section 8.2 of the Plan must be filed with the Court on or before thirty (30) days after the Effective Date (the "Rejection Damages Bar Date"). Unless otherwise ordered by the Court, any such Claims not timely filed shall be forever barred.

13.     Rights of Action. Unless a Right of Action against any entity is expressly waived, relinquished, released, or compromised in the Plan, all Rights of Action (including, without limitation, all claims, avoidance actions, and all causes of action under chapter 5 of the Bankruptcy Code are hereby preserved for the benefit of the Reorganized Debtor to enforce, commence, pursue, or settle, as applicable, in accordance with the Plan.

14.     Preserved Rights of Action.  Such preserved Rights of Action include, without limitation, causes of set forth in the Plan Supplement and any causes of action not specifically identified or described in the Disclosure Statement or Plan Supplement, of which the Debtor may presently be unaware or that may arise or exist by reason of additional facts or circumstances unknown to the Debtor at the time of entry of this Confirmation Order or facts or circumstances that may change or be different from those that the Debtor now believe to exist. No preclusion doctrine, including, without limitation, the doctrines of *res judicata*, collateral estoppel, issue

preclusion, claim preclusion, waiver, estoppel (judicial, equitable, or otherwise) or *laches* shall apply to such Rights of Action upon or after the entry of this Confirmation Order or the Effective Date based on the Disclosure Statement, the Plan, the Plan Supplement, or this Confirmation Order, except where such causes of action have been released in the Plan.

15.     <u>Exemption from Certain Taxes</u>. The issuance, transfer, or exchange of a security, or the making or delivery of an instrument of transfer the Plan or this Confirmation Order, may not be taxed under any law imposing a stamp tax or similar tax.

16.     <u>Effect of Confirmation Order</u>. Notice of entry of this Confirmation Order (a) shall have the effect of an order of the Court, (b) shall constitute sufficient notice of the entry of this Confirmation Order to such filing and recording officers, and (c) shall be a recordable instrument notwithstanding any contrary provision of applicable nonbankruptcy law. This Court retains jurisdiction to enforce the foregoing direction by contempt proceedings or otherwise.

17.     <u>Transfers by Debtor</u>. All transfers of property of the Debtor's estate shall be free and clear of all Liens, charges, Claims, encumbrances, and other interests, except as expressly provided in the Plan or this Confirmation Order.

18.     <u>Securities Exempt from Registration</u>. To the maximum extent provided by section 1145 of the Bankruptcy Code and/or applicable non-bankruptcy law, (i) the issuance under the Plan of (i) the New Equity and (ii) the issuance of Beneficial Interests in the Distribution Trust, shall in each case be exempt from registration under the Securities Act of 1933, as amended, and all rules and regulations promulgated thereunder and any state or local law requiring registration prior to the offering, issuance, distribution, or sale of securities. The issuance of (x) the New Equity to the DIP Lender and the Plan Sponsor, and (y) the Beneficial Interests  is or was in exchange for Claims against the Debtor within the meaning of section 1145(a)(1) of the Bankruptcy Code.

Pursuant to section 1145(c) of the Bankruptcy Code, the resale of any equity and any other securities issuable pursuant to the Plan shall be exempt from registration under the Securities Act of 1933, as amended, and all rules and regulations promulgated thereunder and any state or local law requiring registration prior to the offering, issuance, distribution, or sale of securities, except for any restrictions set forth in section 1145(b) of the Bankruptcy Code and any restriction contained in the Plan Documents.

19.    <u>Extinguishment of Claims and Equity Interests</u>. Except as provided in the Plan, the rights afforded in and the payments and distributions to be made under the Plan shall terminate all Equity Interests and discharge all existing debts and Claims of any kind, nature or description whatsoever against or in the Debtor or any of their assets or properties to the fullest extent permitted by section 1141 of the Bankruptcy Code. Except as provided in the Plan, upon the Effective Date, all existing Claims against and Equity Interests in the Debtor shall be, and shall be deemed to be, discharged and terminated, and all holders of such Claims and Equity Interests shall be precluded and enjoined from asserting against the Reorganized Debtor, the Estate, the Distribution Trust or their respective successors or assignees, or any of their respective assets or properties any other or further Claim or Equity Interest based upon any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date, whether or not such holder has filed a proof of claim or proof of interest and whether or not the facts or legal bases therefor were known or existed prior to the Effective Date.

20.    <u>Indemnification Obligations</u>. Any obligation of the Debtor to indemnify, contribute, reimburse, or limit the liability of any Person, including any current or former officer or director of the Debtor, or any agent, professional, financial advisor, or underwriter of any securities issued by the Debtor, relating to any acts or omissions occurring before the Effective

Date, whether arising pursuant to charter, bylaws, contract, applicable state law or otherwise, shall be canceled and discharged as of the Effective Date and, to the extent such obligation is contained an Executory Contract, rejected, pursuant to the Plan as of the Effective Date, provided, however, that nothing herein shall affect or impair the right of (i) any such officer or director to liquidate and assert against the Estate and seek recovery therefrom on account of any timely filed claim concerning any obligation of the Debtor to indemnify, contribute, reimburse or limit the liability of any such officer or director; provided, for the avoidance of doubt, that the Reorganized Debtor shall not have any liability or any obligation to indemnify, contribute, reimburse or limit liability of any claimant in connection therewith; or (ii) the Debtor, Reorganized Debtor, or the Distribution Trustee to object, dispute or otherwise contest any such claims; provided, further, however, that the Debtor, the Reorganized Debtor or the Distribution Trust shall not have any obligation to indemnify, contribute, reimburse or limit the liability of any current or former officer or director of the Debtor in their respective capacities as such for any acts or omissions that are alleged to have occurred following the later of (i) the resignation of any such current or former officer or director, or (ii) the Petition Date.

21.    Discharge. To the fullest extent provided under section 1141(d)(1)(A) and other applicable provisions of the Bankruptcy Code, all Distributions under the Plan will be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims and causes of action, whether known or unknown, including any interest accrued on such Claims from and after the Petition Date, against, liabilities of, Liens on, obligations of, rights against, and Equity Interests in, the Debtor or any of its assets or properties, and regardless of whether any property will have been distributed or retained pursuant to the Plan on account of such Claims or Equity Interests. Upon the Effective Date, the Debtor and its estate will be deemed discharged and released under

and to the fullest extent provided under section 1141(d)(1)(A) and other applicable provisions of the Bankruptcy Code from any and all Claims, causes of action and Equity Interests of any kind or nature whatsoever, , including, but not limited to, demands and liabilities that arose before the Confirmation Date, and all debts of the kind specified in section 502(g), 502(h), or 502(i) of the Bankruptcy Code. The discharge contained in Section 11.1 of the Plan is approved and authorized in all respects.

22.    <u>Injunction</u>. The discharge and releases set forth in Section 11.1 of the Plan shall also operate as an injunction permanently prohibiting and enjoining the commencement or continuation of any action or the employment of process with respect to, or any act to collect, recover from, or offset (a) any Claim discharged and released in Section 11.1 of the Plan, or (b) any cause of action, whether known or unknown, based on the same subject matter as any Claim discharged and released in Section 11.1 of the Plan. Except as otherwise expressly provided in the Plan, all Persons shall be precluded and forever barred from asserting against the Debtor, the Reorganized Debtor and the Released Parties, their successors or assigns, or their assets, properties, or interests in property any other or further Claims, or any other right to legal or equitable relief regardless of whether such right can be reduced to a right to payment, based upon any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date, whether or not the facts of or legal bases therefor were known or existed prior to the Effective Date.

23.    As of the Effective Date there shall be an injunction permanently prohibiting and enjoining the commencement or continuation of any action or the employment of process with respect to, or any act to collect, recover from, or offset (except for offsets exercised prior to the Petition Date) any Claim or Interest or cause of action, whether known or unknown against the

Debtor, the Reorganized Debtor, and the Released Parties that are released under section 11.5 of

the Plan. Except as otherwise expressly provided in the Plan, all Persons shall be precluded and

forever barred from asserting against the Debtor, the Reorganized Debtor, and the Released

Parties, their successors or assigns, or their assets, properties, or interests in property any Claims

or Interests, or causes of action, or  right to legal or equitable relief, regardless of whether such

right can be reduced to a right to payment, based upon any act or omission, transaction, or other

activity of any kind or nature that occurred prior to the Effective Date, whether or not the facts of

or legal bases therefor were known or existed prior to the Effective Date. The injunctions contained

in Section 11.2 of the Plan are approved and authorized in all respects.

24.     Terms of Existing Injunctions or Stays. All injunctions or stays arising under or

entered during the Chapter 11 Case under section 105 or 362 of the Bankruptcy Code, or otherwise,

that are in existence on the Confirmation Date shall remain in full force and effect until the

Effective Date, *provided*, *however*, that no such injunction or stay shall preclude enforcement of

parties' rights under the Plan and the related documents.

25.     Exculpation. The Exculpated Parties, which include the Debtor and its

professionals, will neither have nor incur any liability to any entity for any claims or causes of

action arising before, on or after the Petition Date and prior to or on the Effective Date for any act

taken or omitted to be taken in connection with, or related to formulating, negotiating, preparing,

disseminating, implementing, administering, confirming or effecting the consummation of the

Plan, the Disclosure Statement, or any other contract, instrument, release or other agreement or

document created or entered into in connection with the Plan or any other postpetition act taken or

omitted to be taken in connection with or in contemplation of the restructuring of the Debtor, the

approval of the Disclosure Statement or Confirmation or consummation of the Plan; provided,

however, that the foregoing provisions will have no effect on the liability of any entity that results

from any such act or omission that is determined in a Final Order of the Bankruptcy Court or other

court of competent jurisdiction to have constituted gross negligence or willful misconduct;

provided, further, that the Debtor will be entitled to rely upon the advice of counsel concerning

their duties pursuant to, or in connection with, the above referenced documents, actions or

inactions. The exculpations contained in Section 11.3 of the Plan are approved and authorized in

all respects.

26.     <u>Releases</u>. Effective as of the Effective Date, for good and valuable consideration

provided by each of the Released Parties, the adequacy of which is hereby acknowledged and

confirmed, the Debtor will be deemed to have conclusively, absolutely, unconditionally,

irrevocably, and forever provided a full discharge, waiver and release to the Released Parties and

their respective related parties (and each such Released Party and their respective related parties

so released shall be deemed forever released and waived by the Debtor) and their respective

properties from any and all released claims that the Debtor and their respective related parties

would have been legally entitled to assert in their own right, on behalf of one another, or on behalf

of another party against the Released Parties or their respective related parties; provided, however,

that the foregoing provisions of this release shall not operate to waive or release (i) the rights of

the Debtor or the Reorganized Debtor to enforce the Plan and the contracts, instruments, releases

and other agreements or documents delivered under or in connection with the Plan or assumed

pursuant to the Plan or assumed pursuant to final order of the Bankruptcy Court; and/or (ii) any

defenses against third parties.

27.     This Confirmation Order permanently enjoins the commencement or prosecution

by any person or entity, whether directly, derivatively or otherwise, of any claims, obligations,

suits, judgments, damages, demands, debts, rights, causes of action, or liabilities released pursuant to the release contained in Sections 11.4 and 11.5 of the Plan.

28.     To the extent allowed by applicable law, on, and as of, the Effective Date and for good and valuable consideration, the receipt and sufficiency of which are acknowledged, the Debtor, the Reorganized Debtor and the Released Parties shall be forever released from any and all claims, obligations, actions, suits, rights, debts, accounts, causes of action, remedies, avoidance actions, agreements, promises, damages, judgments, demands, defenses, or claims in respect of equitable subordination, and liabilities throughout the world under any law or court ruling through the Effective Date (including all claims based on or arising out of facts or circumstances that existed as of or prior to the Effective Date, including claims based on negligence or strict liability, and further including any derivative claims asserted on behalf of the Debtor, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity or otherwise, that the Debtor, its Estate, or the Reorganized Debtor would have been legally entitled by applicable law to assert in its own right, whether individually or collectively); provided however that with respect to the Released Parties, the foregoing release is granted only by the (a) Creditors who are Unimpaired, (b) Creditors who returned a Ballot and did not check the opt-out box on the Ballot, and (c) Creditors who were sent a solicitation package but did not vote and did not return a Ballot with the opt-out box checked, have or may have against any of the Released Parties in any way related to the Chapter 11 Case or the Debtor (or its predecessors); provided further, however that the release provided in this section in favor of the Released Parties shall not apply to any Creditor in category (c) above if the solicitation package was returned to the Debtor as undelivered, and that such Creditor did not otherwise file a ballot;  provided further, however, that with respect to the Released Parties, the release provided in section 11.4 in the Plan, shall not extend to any claims

by any Governmental Unit with respect to criminal liability under applicable law, willful misconduct or bad faith under applicable law, or *ultra vires* acts under applicable law. No compliance with or reliance on the applicable law or the orders of the Bankruptcy Court shall be deemed or permitted to be judged, declared, or ruled to be in any way wrongful, in bad faith, *ultra vires*, inequitable or otherwise subject to any sanction or punishment, all of which are preempted, superseded and negated by the Plan to the maximum extent permitted by applicable law.

29.     The releases contained in sections 11.4 and 11.5 of the Plan are approved and authorized in all respects.

30.     <u>Limitation of Liability</u>. The Debtor, the Reorganized Debtor and the Released Parties shall have all of the benefits and protections afforded under section 1125(e) of the Bankruptcy Code and applicable law.

31.     <u>Vesting of Property and No Successor Liability</u>. Pursuant to section 1141 of the Bankruptcy Code and Article X of the Plan, on the Effective Date the property of the Debtor's estate shall vest in the Reorganized Debtor, free and clear of all Liens, Claims, Equity Interests, and interests and encumbrances of any kind. Moreover, pursuant to section 1141(d) of the Bankruptcy Code, the effect of confirmation of the Plan shall be to discharge the Debtor from any debt that arose before the Effective Date, and any debt of a kind specified in section 502(g), 502(h), or 502(i) of the Bankruptcy Code.

32.     The issuance of New Equity or transfer of assets through the Plan shall not result in the Reorganized Debtor (a) having any liability or responsibility for any Claim against or Equity Interest in the Debtor, the Debtor's estate, or Insider of the Debtor, or (b) having any liability or responsibility to the Debtor, except as expressly set forth in the Plan. Without limiting the effect or scope of the foregoing, and to the fullest extent permitted by applicable laws, the issuance of

the New Equity or transfer of assets contemplated in the Plan shall not subject the Reorganized Debtor, its respective properties or assets or respective affiliates, successors, or assigns to any liability for Claims against the Debtor's interests in such assets by reason of such issuance of New Equity or transfer of assets under any applicable laws, including, without limitation, any successor liability.

33.     For the avoidance of doubt, ESW, in its capacity as either the Plan Sponsor or the DIP Lender, and the Reorganized Debtor shall have no obligations, liabilities or fiduciary duties with respect to the 401(k) Plan in any respect whatsoever.

34.     <u>General Administrative Claim Bar Date Provisions</u>. Unless previously filed or as otherwise governed by a bar date order or in another order of the Court or pursuant to the Plan with respect to Ordinary Course Liabilities, requests for payment of Administrative Claims must be filed with the Court and served on the parties identified in section 13.12 of the Plan by the Administrative Claim Bar Date, which shall be the first Business Day that is thirty (30) days after the Confirmation Hearing (*i.e.*, January 8, 2020). Holders of Administrative Claims that are required to file and serve a request for payment of such Administrative Claims and that do not file and serve such a request by the Administrative Claim Bar Date shall be forever barred from asserting such Administrative Claims against the Debtor, the Estate, the Reorganized Debtor, the Distribution Trust, or their respective property. Objections to any requests for payment of Administrative Claims must be asserted by the Claim Objection Deadline.

35.     <u>Professional Compensation</u>. Each Professional shall file an application for allowance of final compensation and reimbursement of expenses in the Chapter 11 Case, for the period through the Effective Date, no later than forty-five (45) days after the Effective Date. Objections to applications of professionals for compensation or reimbursement of expenses must

be filed and served on the Reorganized Debtor, the U.S. Trustee, and the professionals to whose application the objections are addressed no later than twenty-one (21) days after the date the application is filed, or the Bankruptcy Court may enter an order authorizing the fees without a hearing. Any professional fees and reimbursements or expenses incurred by the Reorganized Debtor subsequent to the Effective Date may be paid without application to the Bankruptcy Court.

36.     <u>28 U.S.C. § 1930 Fees</u>. All fees due and payable pursuant to section 1930 of title 28 of the U.S. Code ("<u>Quarterly Fees</u>") prior to the Effective Date shall be paid by the Debtor on the Effective Date. After the Effective Date, the Reorganized Debtor and the Distribution Trust shall pay any and all Quarterly Fees when they are due and payable after the Effective Date. The Debtor shall file all Quarterly Reports due prior to the Effective Date when they become due, in a form reasonably acceptable to the U.S. Trustee. After the Effective Date, the Reorganized Debtor and the Distribution Trust shall file with the Bankruptcy Court Quarterly Reports in a form reasonably acceptable to the U.S. Trustee. The Reorganized Debtor and the Distribution Trust shall remain jointly and severally obligated to pay Quarterly Fees to the Office of the U.S. Trustee until the earliest of the Debtor's case being closed, dismissed or converted to a case under chapter 7 of the Bankruptcy Code.

37.     <u>Unpaid Accrual Schedule.</u> Prior to the Effective Date, the Debtor shall provide to the Plan Sponsor a written schedule containing the payee and the amount of each check that was issued, in compliance with the DIP Budget, but was not expected to clear prior to the Effective Date (the "<u>Unpaid Accruals Schedule</u>"). The Debtor shall transfer funds to the Reorganized Debtor sufficient to pay each claim provided for in the Unpaid Accruals Schedule. The Reorganized Debtor shall honor all checks previously issued by the Debtor to third parties that have not cleared as of the Effective Date, so long as the payee and the amount of each outstanding check was

disclosed in the Unpaid Accrual Schedule. The Reorganized Debtor shall not be required to pay any amounts on account of Claims that accrued prior to the Effective Date other than those amounts identified and approved under the Unpaid Accruals Schedule.

38. <u>Approval of Distribution Trust</u>. The establishment of the Distribution Trust in accordance with the terms of the Plan and the Distribution Trust Agreement (**Exhibit F** to the Plan Supplement), is hereby authorized and approved in accordance with their respective terms. Notwithstanding any other provision of this Confirmation Order, the Plan, the Plan Supplement or the Distribution Trust Agreement (as each may have been or may be amended) to the contrary, effective immediately upon entry of this Order (and prior to the Effective Date): (i) the Distribution Trust is deemed created and the Distribution Trustee is authorized to obtain a new tax identification number for the Distribution Trust; (ii) the Distribution Trustee is authorized to open bank accounts and to receive estate funds in the name of the Distribution Trust; (iii) the Debtor is authorized to transfer to the Distribution Trust all amounts advanced by the DIP Lender to the Debtor pursuant to the final draw notice under the DIP Note and the DIP Order (the "<u>Final Draw Notice</u>") which, subject to the Budget (as defined in the DIP Order), shall include all amounts necessary to satisfy unpaid Ordinary Course Liabilities and professional fees in connection with the Final Draw Notice, other than all amounts listed under the Unpaid Accruals Schedule; and (iv) all banks and other financial institutions are entitled to conclusively rely on this Order for purposes of allowing the Distribution Trust to open bank accounts and receive estate funds. The Plan Sponsor shall remit the Consideration directly to the Distribution Trust on the Effective Date.  On or before one-hundred and twenty (120) days after the Effective Date, the Distribution Trust shall return all unutilized funds drawn pursuant to the Final Draw Notice that remain in the possession of the Distribution Trust.

39. <u>Appointment of Distribution Trustee</u>. Gavin/Solmonese LLC is hereby appointed to serve as the Distribution Trustee on the terms set forth in this Confirmation Order, the Plan, and the Distribution Trust Agreement.

40. <u>Authorization, Duties, and Powers of Distribution Trustee</u>. The Distribution Trustee is hereby authorized to take any and all actions necessary or appropriate in furtherance of, and to implement, effectuate and consummate the Plan, this Confirmation Order, and the Implementation Activities contemplated thereby and hereby, including, without limitation, all of the Implementation Activities, procedures and undertakings specified in Article VII of the Plan and, further without limitation of the foregoing, all of the specified rights, duties, powers, options, and elections of the Distribution Trustee set forth in the Distribution Trust Agreement. Moreover, the Distribution Trustee is authorized and directed to serve as the plan administrator of the Debtor's 401(k) plan, to cause all appropriate or necessary documents related thereto to be prepared or filed timely, and to pay, from the Distribution Trust Operating Reserve, all costs and expenses he or she deems necessary or advisable in connection with the Debtor's 401(k) plan.

41. <u>Distribution Trustee Bond</u>. The Distribution Trustee shall not be required to post a bond or other security in connection with its obligations under this Distribution Trust Agreement.

42. <u>Compensation of Distribution Trustee</u>. The Distribution Trustee shall receive a flat fee of $10,000 as compensation, plus all documented actual and reasonable expenses incurred in performing its duties as the Distribution Trustee.  All of the foregoing compensation and expense reimbursements shall be paid from the Distribution Trust Operating Reserve without further order of the Court, subject to the terms and conditions of the Distribution Trust Agreement.

43. <u>Directive in Furtherance of Plan</u>. Each federal, state, commonwealth, local, foreign, or other governmental agency is hereby authorized and directed to accept any and all documents,

33

releases, mortgages and instruments necessary or appropriate to effectuate, implement, or consummate the transactions contemplated by the Plan and this Confirmation Order.

44.     <u>Binding Effect of Prior Orders and Agreements</u>. To the maximum extent permitted pursuant to section 1141 of the Bankruptcy Code, effective as of the Confirmation Date, but subject to the occurrence of the Effective Date and subject to the terms of the Plan and this Confirmation Order, all prior orders entered in the Chapter 11 Case, all documents and agreements executed by the Debtor, and all motions or requests for relief by the Debtor shall be binding upon and shall inure to the benefit of the Reorganized Debtor and the Distribution Trustee.

45.     <u>Final Order</u>. The fourteen (14) day stay of this Confirmation Order imposed by Bankruptcy Rule 3020(e) is hereby waived in accordance with Bankruptcy Rule 3020(e). This Confirmation Order is a final order, and the period in which an appeal must be filed shall commence immediately upon the entry hereof.

46.     <u>Effect of Reversal</u>. If any or all of the provisions of this Confirmation Order are hereafter reversed, modified, or vacated by subsequent order of this Court or any other court, such reversal, modification or *vacatur* shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Reorganized Debtor's or the Distribution Trustee's receipt of written notice of such order. Notwithstanding any such reversal, modification or *vacatur* of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification or *vacatur* shall be governed in all respects by the provisions of this Confirmation Order and the Plan and all related documents or any amendments or modifications thereto.

47.    <u>Notice of Confirmation and Effective Date</u>. Promptly following the occurrence of the Effective Date, pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c)(2), the Distribution Trustee is directed to serve a notice of the entry of this Confirmation Order, the establishment hereunder of bar dates for certain Claims (including the Administrative Bar Date and the Rejection Damages Bar Date) and the occurrence of the Effective Date, substantially in the form of **Exhibit B** attached hereto and incorporated herein by reference (the "<u>Confirmation and Effective Date Notice</u>"), on all parties that received the Confirmation Hearing Notice.

48.    <u>Insurance</u>. Nothing in the Disclosure Statement, the Plan, or the Confirmation Order (i) alters the rights and obligations of the Debtor , and the Debtor's insurers (and third party claims administrators) under applicable insurance policies (and the agreements related thereto), (ii) modifies the coverage provided thereunder or the terms and conditions thereof (iii) diminishes or impairs the enforceability of any insurance policies, or any claims thereunder, covering former officers and/or directors of the Debtor. Any such rights and obligations shall be determined under the applicable insurance policies, any related agreement of the parties and applicable law.

49.    <u>Plan and Confirmation Order Govern</u>. Without intending to modify any prior order of this Court (or any agreement, instrument, or document addressed by any prior order), in the event of an inconsistency between the Plan, on the one hand, and any other agreement, instrument, or document intended to implement the provisions of the Plan, on the other, the provisions of the Plan shall govern (unless otherwise expressly provided for in such agreement, instrument, or document); *provided, further,* that, for the avoidance of doubt, in the event of any inconsistency between the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall govern.

50.    <u>Closure of Case</u>.  Pursuant to Section ¶ 14.2 of the Plan, the Distribution Trustee shall file a motion providing notice of no less than twenty-one (21) days seeking entry of a final decree closing the Chapter 11 Case and such other orders that may be necessary and appropriate.

51.    <u>Returned Distributions</u>.    In the event that, after a reasonable effort by the Distribution Trustee, any distributions to be made under the Plan cannot be delivered to the holder of a Claim, the Distribution Trustee may donate such funds in an aggregate amount of up to $5,000 to the Credit Abuse Resistance Education program at any time prior to the closure of the Bankruptcy Case.  In the event that the amount of such undeliverable funds aggregates more than $5,000, the Distribution Trustee shall make an additional pro rata distribution to creditors on account of those Claims whose prior distributions were delivered.

52.    <u>Jurisdiction</u>. The assets and affairs of the Debtor shall remain subject to the jurisdiction of this Court until the Effective Date. Notwithstanding the entry of this Confirmation Order, from and after the Effective Date, the Court shall retain such jurisdiction over the Chapter 11 Case to the fullest extent that is legally permissible.

**Dated: December 10th, 2019**
**Wilmington, Delaware**

**KEVIN GROSS**
**UNITED STATES BANKRUPTCY JUDGE**